# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

**JAN 1 2 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| John E. Moore<br>9 Pleasant View Cir.<br>Daytona Beach, Fl.<br>32118-5511<br>Phone: 386-761-8193 | ) ) ) ) ) |  |
| Plaintiff,<br>Pro Se | ) ) | C.A. No. |
| v. | ) ) |  |
| GEORGE W. BUSH<br>President of the United States. | ) ) ) |  |
| and | ) ) |  |
| HONORABLE BILL NELSON<br>United States Senate<br>Hart Senate Office Building<br>Room 761<br>Washington, DC 20510 | ) ) ) ) ) ) | CASE NUMBER  1:07CV00107<br><br>JUDGE: Rosemary M. Collyer<br><br>DECK TYPE: FOIA/Privacy Act |
| and | ) ) | DATE STAMP: 01/ /2007 |
| NATIONAL SECURITY AGENCY<br>Fort George G. Meade, MD. 20755 | ) ) ) |  |
| and | ) ) |  |
| U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave, NW<br>Washington, DC. 20530-0001 | ) ) ) ) |  |
| and | ) ) |  |
| Volusia County Sheriff Department<br>123 W. Indiana Ave.<br>Deland, FL<br>32721 | ) ) ) ) ) |  |
| and | ) |  |

1

Southern Poverty Law Center          )
400 Washington Ave.                  )
Montgomery, Alabama.                 )
36104                                )
                                     )
and                                  )
                                     )
American Civil Liberties Union       )
Volusia/Flagler Chapter              )
P.O. Box 1824                        )
Ormond Beach, Fl.                    )
32175-1824                           )
                                     )
 and                                 )
                                     )
Dependable Civil Process             )
1035 Calle Grande                    )
Ormond Beach, Fl.                    )
32173                                )
                                     )
                                     )
                      Defendants.    )


COMPLAINT

1. This is an action under the Government-in-the-Sunshine Act, 5 U.S.C. 552b

("Sunshine Act"), and the Freedom of Information Act, 5 U.S.C. 552 ("FOIA"),

in order to compel the defendants, George W. Bush, President of the United

States, Department of Justice ("DOJ") and its component' Federal Bureau of

Investigation ("FBI"). Department of Defense ("DOD") and its component

National Security Agency ("NSA"). The State of Florida and its component

Volusia County Sheriff Department ("VCS").

The plaintiff brings this action for injunctive, declaratory and monetary relief pursuant to the listed defendants.

2. This is an action under the Title 42 U.S.C. 1986. Part of the Civil Rights Act that makes a person liable if they know of a civil rights violation being inflicted upon a person, and who have the power to prevent them, and if they refuse to take such action.

Also of note, Rule of Civil Procedure 60, no time limit on this motion.

In order to compel the defendant U. S. Senator Bill Nelson to provide information pertaining to my written request. The plaintiff brings this action for injunctive and declaratory relief.

3. This is an action under the Sunshine Act, 5 U.S.C. 552b. In order to compel the defendants, Southern Poverty Law Center (S.R.L.C.). America Civil Liberties Union (A.C.L.U.). Dependable Civil Process.

The plaintiff brings this action for injunctive and declaratory relief.

### Jurisdiction and Venue

4. The Court has jurisdiction over this action under 5 U.S.C. 552b(g) and (h) (the Sunshine Act, 5 U.S.C. 552(a)(4)(B) (the FOIA), and 28 U.S.C. 131 (federal question jurisdiction).

### Parties

5. Plaintiff: John E. Moore is a citizen of the United States of America and a resident of Daytona Beach, Florida. I am retired from the U. S. Government, with over thirty years of total accrued time.

3

My major field being electronics, first for the U.S. Department of
Defense, (Navy) My experience in both surface vessels and nuclear
submarines. Performing system checks and sea trial demonstrations
to crew. My latter government service time was with the Federal
Aviation Administration, also in the electronics field. (navaids)

6.  Defendant: George W. Bush

President of the United States

Executive Branch of the United States Government

7.  Defendant: Senator Bill Nelson

Representative U.S. Senator for the State of Florida

8.  Defendant: National Security Agency. (NSA)

LTG Keith B. Alexander, Director.

9.  Defendant: Department of Justice. (DOJ)

10. Defendant: Federal Bureau of Investigation. (FBI)

11. Defendant: Volusia County Sheriff Department. (VCS)

Sheriff Ben F. Johnson.

12. Defendant: Southern Poverty Law Center. (SPLC).

Mr. Morris Dees, Founder.

13. Defendant: America Civil Liberties Union. (ACLU)

Mr. George Griffin, Chapter President.

14. Defendant: Dependable Civil Process. (DCP)

   Skip Sheffild, President.


       Facts

15. Plaintiff: John E. Moore.

As Plaintiff in said complaint and one of the victims of what I call a conspiracy consisting of the National Security Agency and the Volusia County Sheriff Department. Co defendants, DOJ No. 9 and FBI No. 10 are also part of this cove-up in this clandestine conspiracy. No. 12 thru. 14; S.P.L.C; A.C.L.U; and D.L.P; I believe are innocent victims of B.W.T; Or were compromised.

16. On or about November 14, 1996 I was implanted with a micro-chip such as ref: B.W.T. Report pg. 48. With the sole purpose being in control of my brain data. ref: cat scan # 0673986 dtd. December 30, 1998.

17. The person who acquired instruction for B.W.T. hardware received instruction at N.S.A. at Falls Church, Va. approximate date, August, 1996.

18. On July 24, 1999 I left for F.A.A. project at Bradley International Airport, Connecticut. The project consisted of electronic aids to navigation. I arrived at the Days Inn, Fayettsville, NC. I was kept awake most of the night. (tone and head ach) B.W.T. Arrived the next day July 25, 1999 at the Hampton Inn, Delaware. Again, awake all night. Loud tone in head and tremendous head ach. I knelt down on my knees and held my head in pain. I left for Florida (home) in the morning. I could not tell the truth for my reason for not reporting to the work site.

Shortly after that incident, I was terminated.

19. I hold over two hundred documents of proof of destroyed hardware and other items and receipts of repairs and photos. Included in list are phone records, property damage, electronic control and interference of home entertainment system, remote unites, auto problems.

20. I will make available to the Court and Defendants my Brainwave Technology Independent Report, which I plan to make use of extensively in my presenting my evidence in this case.

Defendant: George W. Bush

21. I am seeking an order that would require President George W. Bush and his agents to halt an illegal and unconstitutional program of electronic control of brain data through the brain wave technology system. It is used for not only brain control but also in the use of torture on innocent citizens of the United States of America.

In a Washington Post article dated September 6, 2006. "The United States does not torture," Bush declared. "I have not authorized it, and I will not authorize it."

Defendant: Senator Bill Nelson

22. My first visit to Senator Nelsons Orlando Office on August 9, 2005. I met with a Mr. Jaun R. Lopez a Constituent Advocate and explained my reason for my visit was my mailing of two letters; one dated July 7, 2004 and another dated July 26, 2004. Both documents, the subject of Brainwave Technology, with no response to either letters. After our conversation he assured me that he would contact me shortly with an answer.

23. After no response, on August 16, 2005 I met with another Constituent Advocate, her name was Marcie F. Randolph (mfr). My first question to her was the location of the two documents one dated July 7, 2004 and the other July 26, 2004.

She paused for a short period of time as she looked at some files, and told me that they had been nuked. I asked for another appointment, as I am now completing an in depth report on Brainwave Technology, and when completed I will contact her.

24. Met with (mfr) on October 11, 2005. I presented her with a copy of my Brainwave Technology Independent Report. Also another list of six other non-delivery of registered mail Brainwave Technology subject matter.

During our conversation, she cautioned me to be very careful, being involved in this subject matter. She also cautioned me discussing this subject matter in her office, as it is not a secure area.

She told me that she would look at the requests and provide me an answer shortly. As I was leaving, she cautioned me again to be very careful.

25. In a letter dated October 19, 2005 from Celeste Brown (cb) of the Orlando office who also is a Constituent Advocate thanking me for a letter that I never sent to her, and I would like to point out that their was never any communication between(cb) and I on the B.W.T. subject.

She also thanked me for contacting her on this matter.

On October 27, 2005 I phoned (mfr) to request the return of the Brainwave Technology Independent Report and she agreed. Also my request for Senator Nelson to look into my temporal implant and investigate, my claim was denied.

26. As my comfort level diminished with the Orlando office I contacted Senator

Nelson's Washington Office on November 9, 2005 and spoke with a Constituent

Advocate a Mr. Ryan Brown (rb). I explained my situation and would like him

to look over my Independent Report on Brainwave Technology, and its possible

dangers also possible positive potential. I had his approval to ship this material.

On November 18, 2005 I FedEx the material to his office, with signature request.

I contacted (rb) office on November 22, 2005, said he had no seen the report. I

called (rb) on November 30, 2005 and twice on December 2, 2005, not available,

left voice mail. Called (rb) on December 5, 2005, asked him for verification of

the material.  He informed me that he has not seen the report and had no success

trying to locate it.

27.  He then told me he would connect me with a Patty Corran, who is

Senator Nelson Correspondence Secretary, when I spoke with her, I had asked her

the reason for an eighteen day gap not finding this package, which was signed by

a Mr. R. Williams on November 21, 2005. She had no explanation.

She asked if I would reship another package to her personnel address, (her home)

for no apparent reason. I agreed and she furnished me Senator Nelson FedEx

account number and her home address. I also insisted on a signature at delivery.

Pick up at Fedex Office.

On December 7, 2005 it was dropped off at Patty Curran home (no signature) on

December 8, 2005 she had notified me that she had the package. She said she

would pass it on to the Chief of  Staff Secretary, a Mr. Walker.

I tried to contact Mr. Walker for three days, both voice mail and message

numerous times with no success. There are many questions that I would like

an answer to. Also is Senator Nelson aware that his office might have been

compromised. Also why were these documents not resent through normal

channels?

Defendant: National Security Agency

28. My first incidence of Brainwave Data Control took place on November 14,   .

1999. It was comprised of a data signal audio transmission. I would be awaken

in the middle of the night for one hour or two hours.

Up to date torture presently consists of high pitch tone, head ach, clicking sound,

heartbeat control, consisting of rate of speed, gain of audio beat, cease heart beat.

(had stop for up to count of three) New torture types known to me, initiated on

August 29, 2006. Like prickly feeling on legs, arms or back, or any combination.

Another new type of torture that I experienced feels like an insect moving on face or

body. Another is mood control.

29. On my F.O.I.A. request dated August 31, 2006, I request a short statement on

the existence of Brainwave Technology. NSA would not confirm nor deny this

program exist. Executive Order 12958, as amended.

30. I am using Civil Action 92-0449, US Courthouse, Washington, DC. As an

example and reference presentation of a similar case.

31. My request for information pertaining to Falls Church VA, on its use as an

instruction facility was also denied. (an important point of my case)

32. An article in Nexus Magazine April/May 96, titled Covert Operations of the

U.S. National Security Agency. Is an example of brain control by NSA.

33. I am the recipient of a Temporal Bone Implant, which according to my records, NSA is well versed on this F.O.I.A. Law Suit is also against the NSA warrant less domestic surveillance program dealing with the milli hertz frequency range of Brainwave Data.

<u>Defendant: Department of Justice</u>

34. In reference to C. A. No. 6:03-cv-1499-orl-28-Dab. (case dismissed) Filed at U.S. District Court. Middle District of Florida.

35. A waiver of service was issued to R. Jancia, D.O.J. Orlando Fl; not returned. As I discovered after the fact, under Rule 4(1)(I) this does not apply to U.S. Government Defendants. Why was it accepted at D.O.J. Rule No.36 under Federal Rules of Civil Procedure. "The party served is obligated to make reasonable inquiry before responding." Why was I issued this type of summons by the Court Clerk, who was aware of this Federal Complaint.

36. The D.O.J. was next served a summons which was serviced by a professional server. The total time for service totaled seventy two days. A distance of approximately fifty miles. Again I mention Rule 36 which was not activated

37. Reference: D.O.J. F.O.I.P.A. case No. 03-0136, also Boston, MA. F.B.I. case No. 190-BS-0136. I request the name of the FBI Boston Agent who I was interviewed by on October 3, 2000. On his report, he states that I have paranoid tendencies. His statement also states that I think I am being watched.

Note: That statement made by the unknown identifiable FBI Agent is not true. My wife and I and some neighbors were the victims of some hate crimes. I indicated to him that this complaint is against an ex-sheriff and a hate group. Photos and

evidence were presented to this agent. Ref. B.W.T. Pg. 52.

<u>Defendant: Federal Bureau of Investigation</u>

38. The FBI is one of thirteen members of the Organizations Intelligence Community, as is the NSA/CSS. (reference NSA fact sheet #1 January 2002)

Note: I am aware that DOJ will be acting legal council for FBI.

39. Daytona Beach Fl. F.B.I. First red flag presented to them of the existence of a hate group in this area was on July 15, 1998. I spoke with an agent and requested a meeting with him. I told this person that my wife and I and some neighbors are victims of hate crimes. He asked me if I was black or Spanish? I said no to both. He informed me that I would be wasting his time and mine.

40. On September 5, 2002, I contacted the F.B.I. Office at Daytona Beach, Fl. With an F.O.I.A. request. On February 5, 2003 I received a reply from the F.B.I. Division Office at Jacksonville, FL. No records available.

41. On November 4, 2002 I spoke with Agent in charge C. Bonner, of the F.B.I. Office, Daytona Beach, Fl. I asked for his permission to furnish him with a copy of my case files, and we could meet and discuss its subject matter. I left the files at Agent Bonner's Office on November 6, 2002 and put the documents in his possession. After no response, I called his office on November 21, 2002 and left message with his secretary. On November 22, 2002, called his office, secretary put me through to his line, but would not pick-up. November 25, 2002, called again, no response. On December 17, 2002, wrote letter to Agent Bonner, requesting to meet with him. No reply. ( told agent Bonner that this was about a hate group and an ex-sheriff.

42. The F.B.I. is one of thirteen members of the Organizations Intelligence Community, as is the NSA/CSS. (reference NSA fact sheet #1 January 2002)

<u>Defendant: Volusia County Sheriff Department</u>

43. F.O.I.A. request dated September 11, 2004 for any Volusia County Sheriff records in reference to myself, also any documents relating to B.W.T. and N.S.A. involving the Volusia County Sheriff Department.

I received a reply consisting of 2.0 inch by 1.5 inch yellow stick on with original request letter. I quote, "unable to locate info."

44. On the afternoon of June 15, 1999 I was at the corner of Nova Road (south) and Madeline Ave; at traffic light. When green, a sheriff pick-up truck turned on to Madeline (west) and behind was a two tone ford sedan, low ninety's age year. I then went right proceeding behind the ford, as I looked up their was written in fairly large letters "money talks."

45. A sample history of sheriff helicopter low altitude flights over our home.

| | | | | | | |
|---|---|---|---|---|---|---|
| September | 21, | 2006. | 6:30 PM | June | 21, 2006. | 1:55 AM |
| " | 22, | " | 7:12 PM | " | 29, " | 2:05 PM |
| " | 27, | " | 1:50 PM | " | 08, " | 12:50 PM |
| " | 13, | " | 5:55 AM | " | 09, " | 8:15 AM |
| " | 19, | " | 12:40 PM | " | 09, " | 8:45 AM |
| " | 06, | " | 8:30 PM | " | 09, " | 5:25 AM |
| " | 07, | " | 2:30 AM | " | 10, " | 11:35 AM |
| August | 28, | " | 4:30 AM | " | 12, " | 3:50 PM |
| " | 13, | " | 12:03 AM | " | 13, " | 5:22 AM |
| " | 03, | " | 9:45 AM | " | 14, " | 1:20 AM |
| July | 25, | " | 12:00 PM | " | 15, " | 3:00 PM |
| " | 30, | " | 8:30 AM | " | 01, " | 7:00 AM |
| " | 05, | " | 9:20 AM | " | 02, " | 2:50 PM |
| June | 16, | " | 9:55 AM | " | 03, " | 3:30 PM |
| " | 18, | " | 12:55 AM | Oct. 26, | " | 11:07AM. Hover. |

Note: Verification of flight times, altitude and location can be authenticated

with Federal Aviation Administration. Daytona Beach, FL.

46. Helicopter incident on July 21, 2004. received notice of case 6:03-cv-1499-ORL-28-DAB of case dismissed. Took mailed notice from mail box at 9:00 AM. This was the only time of delivery of our mail at this time of day, normal time is 3 PM or 4 PM. As I retrieved my mail, a Sheriff helicopter low level pass over our home took place.

Note: Reference Friday, July 26, 2006  Home Town News. Currently cost taxpayers $391,87 per flight for this type of helicopter.

47. I am somewhat familiar with this type of aircraft as far as sound and its Characteristics. I have had many flights aboard this type flying from T.F.Greene Airport, Warwick, RI. and Block Island, RI. Airport. This aircraft was owned and operated by the State of Rhode Island.

Defendant: Southern Poverty Law Center

48. On August 3, 2005 I sent to Southern Poverty Law Center my return answer to my R.S.V.P. to attend the dedication of the Civil Rights Memorial Center, (Wall Of Tolerance) with my donation and report on hate and bias incidents in my Community. Ref: Barefoot Park, Port Orange, Fl.

I received no reply on my report that I submitted, the donation check was cashed. On November 1, 2005 I sent a registered letter to S.P.L.C to question the reason as to no reply to this document.

I am concerned that either or both documents were compromised. As were many other documents pertaining to this case.

Defendant: American Civil Liberties Union

49. Reference to A.C.L.U. Volusia/Flagler Chapter. On November 19, 2005, I met with Mr. George Griffin, President of the Chapter. I discussed with him the two reports that I presented to him. I asked if he would look the documents over and discuss them with me at a later date. (Pro Se Litigation Guide Line and Brain Wave Technology, Independent Report.) On December 6, 2005, left voice mail, please call me in reference to documents that you posses belonging to me.

also on December 9, 2005, same request with same results. No response.

A written request by U.S. Mail was sent on December 15, 2005. It was returned to my address on December 28, 2005, un-opened and no explanation for return.

On September 26, 2006, brought letter to Main Post Office, Daytona Beach

Clerk at counter indicated to me that the markings on envelope are not familiar.

Letter was cc to American Civil Liberties Union, Office of the President, New York, NY. (no response)

Defendant: Dependable Service Civil Process Server

50. This is in reference to CA 6:03-cv-1499-Orl-28-Dab. And the contracting of Dependable Civil Process Server. (DCP) On March 8, 2004, DCP accepted a contract to serve summons to:

D.O.J. Mr. Rick L. Jancha U.S. Attorney. Served on May 18, 2004. total 72 days.

U.P.S. Inspection Svc. E. R. Moffit. Served on May 18, 2004. total 72 days.

D.O.J. O.I.G. Mr. Donald Walker. Served on June 7, 2004. total 92 days.

D.O.J. CO-Director Info & Privacy. R.L.Huff. Served on June 6, 2004. total 89 days.

F.B.I. Daytona Beach, Fl. Agent C. Bonner. Served on May 14, 2004. total 68 days.

F.B.I. Boston, MA. un-known agent. F.O.I.A. Served on May 21, 2004. total 75 days.

Delivery of documents to DCP office. I was greeted by, one Florida Sheriff

Association cruiser at front of office, one Sheriff at corner of street, also a United

Security vehicle at the same corner.

## CAUSE OF ACTION

### First Cause of Action (Privacy Act/Freedom of Information Act)

51. Plaintiff John E. Moore repeats and re-alleges the allegations contained in

paragraph 21. Also under authorization from President George W. Bush, has

engaged in a systematic program of warrantless evesdroping  upon email and

communication and Brainwave Technology using audio video decoding EMF waves

through a network (DOMINT) and the ultimate surveillance system, (RNM) and is

part of the NSA Signet System.

52. Plaintiff John E. Moore incorporates by reference and every allegation contained

in the preceding paragraph as if set forth fully herein.

### Second Cause of Action (Arising Out of Felony Cover-ups)

53. Plaintiff John E. Moore repeats and re-alleges  the allegations contained in

paragraphs 22 thru. 27, inclusive.

I am seeking a court order requiring Senator Bill Nelson to perform mandatory

Duty, and to hault the obstruction of justice conduct. Title 42 U.S.C. 1986.

54. I am requesting that Senator Bill Nelson call for a release of Brainwave

Technology information held by the NSA, and make available to the Health and

 Medical Community.

55. I am requesting that Senator Bill Nelson put before the Senate Judiciary

Committee, a request to investigate the dissemination of Brainwave Technology down to the Local Law Enforcement level. (Sheriff)

Third Cause of Action (First and Fourth Amendment Violations)

56. Plaintiff John E. Moore repeats and re-alleges the allegations contained in paragraphs 28 thru. 33, inclusive.

57. I am requesting that NSA cease and desist from the transmission of Brainwave Data or any Radio Frequency Carrier, including Video, Voice or any information pertaining to my First and Fourth Amendment Rights near or within reception of myself, my wife, family, neighbors and friends.

58. The NSA Surveillance Program has intercepted both phone and email communications where both parties to the communications were located within the United States of America.

59. I request that HR 5126 IH be held in abeyance by NSA, FBI and Volusia County Sheriff Department to implement said rule. "Truth in Called ID Act of 2006"

Fourth Cause of Action (First Amendment Violation)

60. Plaintiff John E. Moore repeats and re-alleges the allegations contained in paragraphs 34 thru. 37, inclusive.

61. Defendant: Department of Justice (DOJ) is a Department of the Executive Branch of the United States Government. Plaintiff has exhausted administrative remedies with respect to defendant (DOJ) components' wrongful withholding of requested records.

Fifth Cause of Action (First Amendment Violation)

62. Plaintiff John E Moore repeats and re-alleges the allegations contained in

paragraphs 38 thru. 42 inclusive.

63. Plaintiff has exhausted the applicable administrative remedies with respect to defendant DOJ's components' wrongful withholding of the requested records.

### Sixth Cause of Action (Privacy Act and Florida Constitution)

64. Plaintiff John E. Moore repeats and re-alleges the allegations contained in paragraphs 43 thru. 47, inclusive.

65. The Volusia County Sheriff Department (VCS) has wrongfully withheld agency records requested by plaintiff, by failing to comply with both the Privacy Act and Public Records Law Guide. Request dated September 11, 2006.

66. I am requesting that VCS in conjunction with NSA cease and desist from the transmission of Brainwave Data or any Radio Frequency data, including video, voice or any information pertaining to my First of Fourth Amendment Rights, near or within reception of myself, my wife, family, neighbors or friends.

### Seventh Cause of Action

67. Plaintiff John E. Moore repeats and re-alleges the allegations contained in paragraphs 48 thru. 50, inclusive.

68. I am requesting a reply to your question form on the subject of hate crime. I filled out your information request form and twice returned it to your agency. I would like a reply on record.

69. I am requesting a reply from Mr. George Griffin, (ACLU) in reference to the two documents that you have in your possession, titled Brainwave Technology, Independent Report and Pro Se Litigation Guidelines, Independent Report. Also were you contacted by a government law agency?

70. I am requesting more information on this subject matter, as to the reason for such a delay in the service of the subject summons. Were you contacted by a government law agency?

PRAYER FOR RELIEF

Wherefore, Plaintiff John E. Moore request that the Court award him the following relief:

(a) Declare that the Defendants: George W Bush, President of the United States, Senator Bill Nelson, N.S.A; D.O.J; F.B.I and V.C.S;  program of warrant-less surveillance is unlawful, and enjoin any further such warrant-less surveillance.

(b) Order that the Defendants N.S.A; F.B.I. and V.C.S. disclose to the Plaintiff all unlawful surveillance of plaintiffs' communications carried out pursuant to the program.

(c) Order that all Defendants turn over to Plaintiff all information and records in their possession related to Plaintiff that were acquired through the warrant-less surveillance program, or were the fruit of surveillance under the program, and subsequently destroy any such information and records in defendants possession.

(d) order that Defendants S.P.L.L;  A.C.L.U;  and  D.C.P;  turn over all information and records pertaining to Plaintiff, also any information or records pertaining to Defendants listed in subparagraph. (a)

(e) Award costs, including an award of Attorneys fees under the Equal Access to Justice Act, 28 U.S.C. 2412(d)(1)(A);

(f) Award such other relief as the Court deem just and proper.

18

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _10th_ day of January, 2007.

Respectfully submitted,

John E. Moore

John E. Moore ProSe
9 Pleasant View Cir.
Daytona Beach, FL.
32118-5511
386-761-8193

2
07-107
RMC

**JS-44**
**(Rev.1/05 DC)**

## I (a) PLAINTIFFS

JOHN E. MOORE

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** ~~8888~~
**(EXCEPT IN U.S. PLAINTIFF CASES)**

Pro Se (WA)

## DEFENDANTS

George W. Bush, President
of U.S. ETAL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

ATTOR

```
CASE NUMBER   1:07CV00107

JUDGE: Rosemary M. Collyer

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 01/12/2007
```

## II. BASIS OF JURISDICTION

**(PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

⊗ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP
FOR PLAINTIFF AND

| | | | |
|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place ☐ 4 ☐ 4 of Business in This State |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated or Principal Place ☐ 5 ☐ 5 of Business in Another State |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation ☐ 6 ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
   Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other)** OR ☐ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
   defendant
☐ 871 IRS-Third Party 26
   USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of
   Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
   Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
   Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt
   Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
   Exchange
☐ 875 Customer Challenge 12 USC
   3410
☐ 900 Appeal of fee determination
   under equal access to Justice
☐ 950 Constitutionality of State
   Statutes
☐ 890 Other Statutory Actions (if not
   administrative agency review or
   Privacy Act

| ☐ G. Habeas Corpus 2255<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. Employment Discrimination<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ■ I. FOIA/PRIV. ACT<br><br>☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. Student Loan<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. Labor/ERISA (non-employment)<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. Other Civil Rights (non-employment)<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. Contract<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. Three-Judge Court<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 552(b)

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23      DEMAND $ _____  Check YES only if demanded in complaint
JURY DEMAND: ☐ YES   ☒ NO

## VIII. RELATED CASE(S) IF ANY

(See instruction)   N.A.   ☐ YES   ☐ NO   If yes, please complete related case form.

DATE 1.12.07     SIGNATURE OF ATTORNEY OF RECORD   N.C.I.

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

