**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOHN E. MOORE,** | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:07-CV-00107 (RMC) |
| **GEORGE W. BUSH, ET AL.,** | ) |
| Defendants. | ) |

**DEFENDANT VOLUSIA COUNTY SHERIFF DEPARTMENT'S
<u>MOTION TO DISMISS</u>**

Comes now Defendant Volusia County Sheriff Department ("VCSD") and respectfully moves pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) and (e) to dismiss the Complaint with prejudice. Dismissal is appropriate because Plaintiff has failed to state a claim upon which relief may be granted and failed to plead a plain statement of his claims showing that he is entitled to relief.

The reasons supporting this motion are set forth more fully in the accompanying Statement of Points and Authorities in Support of Defendant Volusia County Sheriff Department's Motion to Dismiss. A proposed order also is attached.

DATED: April 23, 2007

Respectfully submitted,

_____/s/ Joseph E. Hartman_____
Joseph E. Hartman
D.C. Bar No. 467054
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2623
Telephone: (202) 662-0200
Facsimile: (202) 662-4643 \

ATTORNEYS FOR DEFENDANT
VOLUSIA COUNTY SHERIFF'S
DEPARTMENT

OF COUNSEL:
Richard N. Staten
Assistant County Attorney, Volusia County
123 West Indiana Avenue
Deland, Florida 32720
Phone: (386) 736-5950
Fax; (386) 736-5990

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN E. MOORE,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:07-CV-00107 (RMC) |
| **GEORGE W. BUSH, ET AL.,** | ) ) ) |
| Defendants. | ) ) ) ) ) |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
VOLUSIA COUNTY SHERIFF DEPARTMENT'S MOTION TO DISMISS**

Defendant Volusia County Sheriff Department ("VCSD") has moved, pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) and (e), to dismiss the Complaint with prejudice. Dismissal is appropriate because Plaintiff has failed to state a claim upon which relief may be granted and failed to plead a plain statement of his claims showing that he is entitled to relief.

**FACTUAL BACKGROUND**

*Pro se* Plaintiff John E. Moore has filed a lengthy, convoluted and somewhat bizarre complaint alleging that he is the victim of a "clandestine conspiracy" between the National Security Agency ("NSA"), Volusia County Sheriff's Department ("VCSD"), Department of Justice ("DOJ") and Federal Bureau of Investigation ("FBI"). *See* Plaintiff's Complaint (filed Jan. 12, 2007).[1]

According to Plaintiff, pursuant to the alleged conspiracy, he was "implanted with a micro-chip … with the sole purpose being in control of my brain data," Pl.'s Compl. at ¶ 16, he

---

[1] This is apparently not the first occasion on which this Plaintiff has brought these claims before the federal bench. In *Moore v. United States Department of Justice*, Case No. 6:03-cv-1499-Orl-28DAB, he advanced similar claims. The case was dismissed pursuant to Fed. R. Civ. P. 8(a), 4(c)(1) and 4(m). *See* May 11, 2004 Order attached hereto at Ex. A (holding that "the Complaint is devoid of direct or inferential allegations of fact giving rise to a cause of action.")

1

is subject to "torture presently consist[ing] of high pitch tone, head ach [sic], clicking sound, heartbeat control, consisting of rate of speed, gain of audio beat, cease heart beat … prickly feeling on legs, arm or back, [and something that] feels like an insect moving on face and body," *Id.* at ¶ 28, and is the victim of an unspecified "hate group." *Id.* at ¶¶ 39-41. He is "seeking an order that would require President George W. Bush and his agents to halt and [sic] illegal and unconstitutional program of electronic control of brain data through the brain wave technology system." *Id.* at ¶ 21.

## ARGUMENT

**I. Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim for Which Relief Could Be Granted.**

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a court must "accept as true all well-pleaded allegations and must construe the factual allegations in the light most favorable to the plaintiff," *Randall v. United States,* 30 F.3d 518, 522 (4th Cir. 1994), but a complaint must be dismissed if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989) (internal citation omitted). Despite these liberal pleading standards, a plaintiff's allegations "must be specific enough to justify 'drag[ging] a defendant past the pleading threshold.'" *DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) (internal citation omitted). In general, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint, nor must the court accept legal conclusions cast in the form of factual allegations." *Whitaker v. Thompson*, No. 99-3247 (GK), 2003 U.S. Dist. LEXIS 777, at *12 (D.D.C. Jan. 3, 2003) (citations omitted).

Although a court is bound to construe a *pro se* plaintiff's pleadings liberally, where a claim is incomprehensible to the Court, it is without arguable basis in law. In *Jackson v. State of Ariz.*, 888 F.2d 639, 641 (9th Cir.1989), the Ninth Circuit Court of Appeals stated that:

> '[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.' *In re Winslow*, 17 F.3d 314, 315 (10th Cir.1994) (quoting *Tripati v. Beaman*, 878 F.2d 351, 358 (10th Cir.1989)).

In *Idrogo v. U.S. Army*, 18 F.Supp.2d 25, 29, (D.D.C., 1998), the Court noted that:

> this Circuit has held, "[c]omplaints may also be dismissed, *sua sponte* if need be, under Rule 12(b)(6) whenever 'the plaintiff cannot possibly win relief.'" *Best v. Kelly*, 39 F.3d 328, 331 (D.C.Cir.1994) (quoting *Baker v. Director, United States Parole Comm'n*, 916 F.2d 725, 726 (D.C.Cir.1990) (*per curiam*)).

This is just such a case. While the Complaint is rife with factual allegations, it is impossible to tell what claims Plaintiff is attempting to bring against VCSD, and is readily apparent that the entire Complaint is frivolous. Hovering helicopters and implanted microchips make for interesting cinema, but absent some basis in fact, do not belong in federal litigation.

This is Plaintiff's second attempt at bringing this case, and he should not be permitted to continue his attempts to waste the time of the federal bench with such frivolous material. There is no claim stated against VCSD, and these types of "frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders . . . ." *U.S. ex rel. Verdone v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir.1995).

**II. Plaintiff's Complaint Should be Dismissed for Failure to Plead a Plain Statement of Claims Showing Entitlement to Relief.**

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." But "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a Complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *In re Plywood Antitrust Litigation*, 665 F.2d 627, 641 (5th Cir. 1981). *See also Quality Foods v. Latin American Agribusiness Development Corp.*, 711 F.2d 989, 995 (11th Cir. 1983) ("enough data must be pleaded so that each element of the alleged violation can be properly identified").

At a minimum, notice pleading under the federal rules require a complaint to contain "inferential allegations" from which the Court and defendants can determine the material elements necessary for the Plaintiff to obtain a recovery under a valid legal theory. This is not the case here. Not only does Plaintiff's Complaint fail to state his legal theories, but the Complaint largely consists of incomprehensible allegations of a conspiracy involving theft of the Plaintiff's brainwaves via implanted microchip. It contains no allegations showing that Plaintiff is entitled to relief under any legal theory. In addition, despite the numerous and lengthy factual allegations, the Complaint fails to provide any data or information sufficient to establish a claim for relief with respect to his allegations regarding "brainwave technology."[2]

---

[2] Plaintiff's Complaint also fails to meet the requirements of Fed. R. Civ. P. 11(b)(2), that the "legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Although Plaintiff is a *pro se* litigant, given that this is the second time Plaintiff has attempted to employ the resources of the federal bench, perhaps sanctions are appropriate to prevent his further abuse of the system and waste of the court's time.

## **CONCLUSION**

WHEREFORE, Defendant Volusia County Sheriff Department requests that its motion be granted and that Plaintiff's Complaint against it be DISMISSED WITH PREJUDICE for the reasons set forth herein.

DATED: April 23, 2007

                                                                    Respectfully submitted,

                                                                    _____/s/ Joseph E. Hartman_____
                                                                    Joseph E. Hartman
                                                                    D.C. Bar No. 467054
                                                                    FULBRIGHT & JAWORSKI L.L.P.
                                                                    801 Pennsylvania Avenue, N.W.
                                                                    Washington, D.C.  20004-2623
                                                                    Telephone:  (202) 662-0200
                                                                    Facsimile:  (202) 662-4643

                                                                    ATTORNEYS FOR DEFENDANT
                                                                    VOLUSIA COUNTY SHERIFF'S
                                                                    DEPARTMENT

                                                                    OF COUNSEL:
                                                                    Richard N. Staten
                                                                    Assistant County Attorney, Volusia County
                                                                    123 West Indiana Avenue
                                                                    Deland, Florida 32720
                                                                    Phone: (386) 736-5950
                                                                    Fax; (386) 736-5990

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN E. MOORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:07-CV-00107 (RMC) |
| GEORGE W. BUSH, ET AL., | ) ) ) |
| Defendants. | ) ) |

## **ORDER**

Upon consideration of the Defendant Volusia County Sheriff's Department's Motion to Dismiss ("Motion"), the memorandum of points and authorities in support thereof, and any opposition thereto, it is this _____ day of _____, 2007, hereby

ORDERED that the Motion is GRANTED, and

FURTHER ORDERED that Plaintiff John E. Moore's Complaint is hereby DISMISSED WITH PREJUDICE to the extent it alleges any claims against the Volusia County Sheriff's Department

_____
United States District Judge Rosemary M. Collyer

1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN E. MOORE,**

    **Plaintiff,**

-vs-                              **Case No. 6:03-cv-1499-Orl-28DAB**

**UNITED STATES DEPARTMENT OF JUSTICE,**

    **Defendant.**

___

## ORDER

Defendant, the United States of America, has filed a Motion to Dismiss (Doc. No. 7) the Complaint filed by Plaintiff, John E. Moore (Doc. No. 1). As grounds for dismissal, Defendant contends Plaintiff did not comply with Rule 8(a), Fed. R. Civ. P. requiring that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief." Defendant also argues Plaintiff has failed to follow requirements regarding service contained in Rules 4(c)(1) and 4(m), Fed. R. Civ. P.

Defendant's Motion to Dismiss (Doc. No. 7) is **GRANTED** on both grounds. The four-sentence Complaint fails to establish that Plaintiff is entitled to relief. The Complaint is devoid of direct or inferential allegations of fact giving rise to a cause of action. Moreover, Plaintiff has failed to effect service on Defendant within 120 days after the filing of the Complaint. Thus, Plaintiff is in violation of Rule 4(c)(1) and 4(m), Fed. R. Civ. P.

14

Accordingly, the Complaint is **dismissed without prejudice**. The Clerk of Court is directed to close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this __/ /__ day of May, 2004.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party