UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN E. MOORE,

                Plaintiff,

v.                                       No. 07-cv-0107 (RMC)

GEORGE W. BUSH, et al.,

                Defendants.

**DEFENDANT AMERICAN CIVIL LIBERTIES UNION OF FLORIDA'S MOTION TO DISMISS**

Defendant American Civil Liberties Union of Florida, Inc. (mis-named in the Complaint as "American Civil Liberties Union Volusia/Flagler Chapter" and referred to hereinafter as the "ACLU of Florida"), respectfully moves, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss this action as against the ACLU of Florida, for lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim upon which relief may be granted.

**POINTS AND AUTHORITIES**

**I.  ALLEGATIONS AND RELIEF SOUGHT AGAINST THE ACLU OF FLORIDA.**

Plaintiff John E. Moore claims to be the victim of a "clandestine conspiracy" between one or more branches of federal and local government and, integral to said conspiracy, to have been implanted with a brain wave technology micro-chip and or other material possessing the ability to assert control over his "brain data."  Complaint ¶¶ 15, 16.  The Complaint, purportedly brought pursuant to 5 U.S.C. §552(b) as against the ACLU of Florida, seeks injunctive and declaratory relief against the ACLU.  Complaint ¶3.

With regard to the ACLU of Florida, plaintiff alleges that:

> Reference to A.C.L.U. Volusia/Flagler Chapter. On November 19, 2005, I met with Mr. George Griffin, President of the Chapter. I discussed with him the two reports that I presented to him. I asked if he would look the documents over and discuss them with me at a later date. (Pro Se Litigation Guide Line and Brain Wave Technology, Independent Report.) On December 6, 2005, left voice mail, please call me in reference to documents that you posses belonging to me. also on December 9, 2005, same request with same results. No response. A written request by U.S. Mail was sent on December 15, 2005. It was returned to my address on December 28, 2005, un-opened and no explanation for return. On September 26, 2006, brought letter to Main Post Office, Daytona Beach Clerk at counter indicated to me that the markings on envelope are not familiar. Letter was cc to American Civil Liberties Union, Office of the President, New York, NY. (no response)

Complaint ¶49. Plaintiff's Seventh Cause of Action states, with respect to the ACLU of Florida:

> I am requesting a reply from Mr. George Griffin, (ACLU) in reference to the two documents that you have in your possession, titled Brain Wave Technology, Independent Report and Pro Se Litigation Guidelines, Independent Report. Also were you contacted by a government law agency.

Complaint ¶69. Finally, plaintiff seeks an order from this Court that the ACLU of Florida "turn over all information and records pertaining to Plaintiff, also any information or records pertaining to" the President, Senator Bill Nelson, the NSA, the DOJ, the FBI and the Volusia County Sheriff's Department.[1]  Complaint, Prayer for Relief, ¶(d).

### II. PLAINTIFF'S CLAIM(S) AGAINST THE ACLU OF FLORIDA SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.

The American Civil Liberties Union of Florida, Inc., is a Florida not-for-profit corporation with its principal place of business in Miami, Florida. *See* Declaration of

---

[1] The plaintiff refers to "all Defendants" in ¶(c) of his prayer for relief seeking "all information and records in their possession related to Plaintiff that were acquired through the warrant-less surveillance program, or were the fruit of surveillance under the program, and subsequently destroy any such information and records in defendants possession." However, plaintiff makes no allegation that the ACLU of Florida was involved in any such program.

2

Randall C. Marshall, ¶ 2, filed herewith.² It has no offices or employees outside of Florida. *Id*. ¶ 3. Any business it transacts in Washington, D.C., consists of activities in the nature of petitioning the federal government for a redress of grievances, such as lobbying Members of Congress from Florida or pursuing litigation before the United States Supreme Court. *Id*. ¶ 4.

To ascertain whether it has personal jurisdiction over a non-resident such as the ACLU of Florida,³ this Court "must first examine whether jurisdiction is applicable under the [District of Columbia's] long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." *GTE New Media Services Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). The facts alleged in the complaint here do not pass even the first part of the test.

Unlike the statutes of some states, the District of Columbia's long-arm statute does not "reach as far as due process permits." *Mwani v. bin Laden*, 417 F.3d 1, 9 (D.C. Cir. 2005). Rather, it permits a District of Columbia court —and therefore this Court — to exercise long-arm jurisdiction "only [on] a claim for relief *arising from acts enumerated* in this section." D.C. Code § 13-423(b) (emphasis added). Such acts may include "transacting any business in the District of Columbia" (§13-423(a)(1)), "causing tortious injury in the District of Columbia" (§13-423(a)(3) or (4)), or "using, or possessing real property in the District of Columbia" (§13-423(a)(5)).

---

² The Court may consider evidence outside the pleadings on the issue of personal jurisdiction without converting a motion to dismiss into a motion for summary judgment. *Al-Owhali v. Ashcroft*, 279 F. Supp. 2d 13, 21 (D.D.C. 2003).

³ The "American Civil Liberties Union Volusia/Flagler Chapter" named in the Complaint is not a legal entity that can sue or be sued. It is simply an administrative subdivision of the American Civil Liberties Union of Florida, Inc., which responds here as the proper legal entity. *See* www.aclufl.org/take_action/chapters/volusia_flagler/index.cfm; Declaration of Randall C. Marshall, ¶ 5.

But plaintiff's complaint alleges no action by the ACLU of Florida in the District of Columbia, no injury to the plaintiff in the District of Columbia, and, *a fortiori*, no connection between the ACLU of Florida and the plaintiff's injury that has anything to do with the District of Columbia. Plaintiff's "brain data" injuries allegedly occurred in Virginia (Complaint ¶ 17), North Carolina (¶ 18), and Delaware (*id.*). His alleged claim against the ACLU of Florida relates to actions occurring only in Florida (¶ 49) or perhaps in New York (*id.*). Nothing in the District of Columbia's long-arm statute authorizes this Court to exercise personal jurisdiction over such claims against a non-resident defendant. Nor would the Constitution permit such jurisdiction, especially when the defendant's occasional activities in the District of Columbia had no connection with the alleged injury and were limited to activities in the nature of petitioning the federal government for a redress of grievances:

> "to permit our local courts to assert personal jurisdiction over nonresidents whose sole contact with the District consists of dealing with a federal instrumentality not only would pose a threat to free public participation in government, but also would threaten to convert the District of Columbia into a national judicial forum."

*Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 786 (D.C. Cir. 1983) (quoting *Environmental Research International, Inc. v. Lockwood Greene Engineers, Inc.*, 355 A.2d 808, 813 (D.C. 1976) (*en banc*)).

Accordingly, plaintiffs' claim(s) against the ACLU of Florida should be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### III. PLAINTIFF'S CLAIM(S) AGAINST THE ACLU OF FLORIDA SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

Alternatively, because the claims set forth in plaintiff's complaint are frivolous and essentially fictitious, the complaint may be dismissed for lack of subject matter jurisdiction.

> "Federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, or obviously frivolous." A complaint will be dismissed for lack of subject matter jurisdiction when it is "patently insubstantial, presenting no federal question for decision." Claims are patently insubstantial if they are "essentially fictitious," that is, if, for example, they advance "bizarre conspiracy theories," or allege "fantastic government manipulations of one's will or mind."

*Bestor v. Lieberman*, 2005 WL 681460, *1 (D.D.C., March 11, 2005) (internal citations and alterations omitted) (dismissal appropriate where plaintiff's "allegations of government manipulation of his brain and mind are essentially fictitious and frivolous").

Here, plaintiff's claims of a government conspiracy against him, involving the implant in his brain of devices used to control his "brain data," are exactly the type of insubstantial, frivolous and essentially fictitious claims for which 12(b)(1) dismissal is suitable and warranted. *See Carone-Ferdinand v. CIA*, 131 F. Supp. 2d 232, 235 (D.D.C. 2001) ("On its face, the complaint appears to be the very type of 'bizarre conspiracy theory' that the D.C. Circuit has said warrants dismissal under Rule 12(b)(1)").

Therefore, plaintiff's complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### IV. PLAINTIFF'S CLAIM(S) AGAINST THE ACLU OF FLORIDA SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Even should the Court find that it has jurisdiction over the plaintiff and the subject matter, the claim(s) against the ACLU of Florida should be dismissed for failure to state a claim on which relief can be granted.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The Court should accept the

facts as alleged in the complaint as true, and accord the plaintiff the benefit of all inferences that can be derived from the facts as alleged. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Affording the *pro se* plaintiff's complaint a liberal construction, and even accepting as true plaintiff's bizarre factual allegations, the complaint fails to state any claim against the ACLU of Florida upon which relief may be granted. The plaintiff does not, and cannot, allege that the ACLU of Florida is a governmental entity subject to the reach of 5 U.S.C. §552a (records about individuals) or §552(b) (open meetings). The Court can take judicial notice of the public records showing that the ACLU of Florida is a private, non-governmental entity. *See* Fed. R. Evid. 201(b); *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004) ("public records [are] subject to judicial notice on a motion to dismiss"). Simply put, the ACLU of Florida was under no statutory or other legal duty to return plaintiff's voice mail messages or to respond to his correspondence. The complaint, therefore, fails to state a legally cognizable cause of action against the ACLU of Florida, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For all the foregoing reasons, plaintiff's complaint should be dismissed as against defendant ACLU of Florida, with prejudice.[4]

---

[4] The relief sought against the ACLU of Florida is that it be ordered to turn over all information and records pertaining to plaintiff. The complaint also asks whether the ACLU of Florida was "contacted by a government law agency." While this lawsuit should be dismissed as against the ACLU of Florida, it is also unnecessary. The ACLU of Florida has no information or records pertaining to plaintiff other than what plaintiff himself provided, and any records that plaintiff provided to the ACLU of Florida in 2005 or 2006 would have been destroyed pursuant to its records retention/destruction policies. Nor has the ACLU of Florida been contacted by any government law agency regarding plaintiff. *See* Declaration of Randall C. Marshall, ¶ 6, filed herewith.

A proposed order is filed herewith.

          Respectfully submitted,

          /s/ *Arthur B. Spitzer*
          _____

          Arthur B. Spitzer
             D.C. Bar No. 235960
          American Civil Liberties Union
             of the National Capital Area
          1400 20th Street, N.W., Suite 119
          Washington, D.C. 20036
          Tel. 202-457-0800
          Fax 202-452-1868

          /s *Randall C. Marshall*
          _____

          Randall C. Marshall*
          American Civil Liberties Union
             Foundation of Florida, Inc.
          4500 Biscayne Boulevard, Suite 340
          Miami, FL 33137-3227
          Tel. 786-363-2700
          Fax 786-363-1108

          Counsel for Defendant American
          Civil Liberties Union of Florida, Inc.

June 1, 2007

---

\* Not admitted to practice in this Court.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Motion to Dismiss upon:

> John E. Moore
> 9 Pleasant View Cir.
> Daytona Beach, FL 32118-5511

by placing the same in the United States Mail, first class postage prepaid, this first day of June, 2007.

/s /*Arthur B. Spitzer*
_____
Arthur B. Spitzer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN E. MOORE,

           Plaintiff,

v.                                         No. 07-cv-0107 (RMC)

GEORGE W. BUSH, et al.,

           Defendants.

**DECLARATION OF RANDALL C. MARSHALL**

Randall C. Marshall deposes and says:

1. I am a member of the bar of the State of Florida and am employed as the Legal Director of the American Civil Liberties Union of Florida, Inc., I make this declaration upon personal knowledge.

2. The American Civil Liberties Union of Florida, Inc., is a Florida not-for-profit corporation with its principal place of business in Miami, Florida, as reflected in its Articles of Incorporation and in its latest Annual Report filed with the Florida Secretary of State, which is attached hereto. These documents can also be found on the official Florida Department of State website, http://www.dos.state.fl.us/ (click on "Corporate Filings," then "Document Searches," then "Inquire by Name," and then enter "American Civil Liberties Union").

3. The American Civil Liberties Union of Florida, Inc., has no offices outside of Florida and employs no employees outside of Florida.

4. The American Civil Liberties Union of Florida, Inc., does not regularly conduct business in the District of Columbia, engage in any other persistent course of conduct in the District of Columbia, or derive substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.  The activities undertaken by the American Civil Liberties Union of Florida, Inc., in the District of Columbia are in the nature of petitioning the federal government for a redress of grievances, such as lobbying Members of Congress from Florida or pursuing litigation before the United States Supreme Court.

5. The "American Civil Liberties Union Volusia/Flagler Chapter" named in the Complaint is not a legal entity that can sue or be sued.  It is simply an administrative subdivision of the American Civil Liberties Union of Florida, Inc.

6. The ACLU of Florida has no information or records pertaining to the plaintiff in this action other than what plaintiff himself provided, and has not been contacted by any government law agency regarding plaintiff. Any records that plaintiff provided to the ACLU of Florida in 2005 or 2006 would have been destroyed pursuant to our records retention/destruction policies.

I declare under penalties of perjury that the foregoing is true and correct.

Executed this thirty-first day of May, 2007.

s/ *Randall C. Marshall*
_____
Randall C. Marshall
American Civil Liberties Union
  Foundation of Florida, Inc.
4500 Biscayne Boulevard, Suite 340
Miami, FL 33137-3227
Tel. 786-363-2700
Fax 786-363-1108

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN E. MOORE,

                Plaintiff,

v.                                                                No. 07-cv-0107 (RMC)

GEORGE W. BUSH, *et al.,*

                Defendants.

[proposed]
**ORDER**

Upon consideration of the motion to dismiss filed by defendant American Civil Liberties Union of Florida, Inc., and any opposition thereto, the Court finding that it is without personal jurisdiction over the American Civil Liberties Union of Florida, that it is without subject matter jurisdiction over the claim(s) asserted against the American Civil Liberties Union of Florida, and that the complaint fails to state a claim on which relief can be granted against the American Civil Liberties Union of Florida, it is hereby

ORDERED that the Complaint is hereby DISMISSED WITH PREJUDICE as against the American Civil Liberties Union of Florida, Inc.

Dated: _____ _____, 2007

                                                        _____
                                                        Rosemary M. Collyer
                                                        United States District Judge

A copy of this Order shall be mailed to:

        John E. Moore
        9 Pleasant View Cir.
        Daytona Beach, FL 32118-5511