THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN E. MOORE )
)
   Plaintiff )
)
v. ) Case No. 1:07-CV-00107(RMC)
)
GEORGE W. BUSH, ET AL., )
)
   Defendant )
)
_____)

### PLAINTIFF JOHN E. MOORE <u>MOTION TO DISMISS</u>

Plaintiff moves pursuant to Federal Rules of Civil Procedure to dismiss said motion without prejudice. Dismissal is appropriate because, although Defendant, Arthur B. Spitzer American Civil Liberties Union of the National Capital Area as counsel of record for the defendant American Civil Liberties Union of Florida, Inc. The reasons for supporting this motion are set forth more fully in the accompanying Statement of Opposing Points and Authorities of my request to dismiss American Civil Liberties Union of Florida's Motion to Dismiss. Dated, June 1, 2007.

My statement of claim for relief is noted: Page 3 of COMPLAINT. (3) Sunshine Act, 5 U.S.C. 552b, for Injunctive and Declaratory relief.



**RECEIVED**

JUN 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Note: Received from Defendant, June 5, 2007. via U.S. Mail.

A proposed order also is attached.

**Respectfully submitted,**

*[signature]*
John E. Moore Pro se
79 Pleasant View Cir.
Daytona Beach,
Florida.
32118-5511
(386) 761-8193

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN E. MOORE,              )
                            )
            Plaintiff,      )
                            )
v.                          )   Case No. 1:07-CV-00107 (RMC)
                            )
                            )
GEORGE W. BUSH, et al.,     )
                            )
            Defendants.     )
                            )
_____)

**OPPOSING POINTS AND AUTHORITIES IN SUPPORT OF
JOHN E. MOORE'S MOTION TO DISMISS**

    **I.**    As a Pro se Litigate in said case, I will try to add factual proof to my claim of a "clandestine conspiracy" by what I have come to deduce as being victimized by a person who is part of a unit, if I may use the term "special unit of Law Enforcement." This person was given Brainwave Technology instruction at Falls Church Virginia. Presented in said complaint, Plaintiff request the return from this person a report titled, Brainwave Technology-Independent Report and the other is titled Pro se-Independent Report. Mr. George Griffin of Volusia/Flagler Chapter of the A.C.L.U. was furnished A copy of each of these reports for his review, and agreed to contact me at the completion of his review of this material. I am seeking a statement to make it be known for whatever his reasoning was for ignoring his responsibility as an A.C.L.U. Representative. Complaint 69, last part reads: also were you contacted by a government law agency, not [also any information or records pertaining to the President, Senator Bill Nelson, the N.S.A; the

3

D.O.J.; the F.B.I. and the Volusia County Sheriff's Departmen.] Complaint (d) Pray for relief, specifies S.P.L.L; A.C.L.U; and D.C.P.

## LACK OF PERSONAL JURISDICTION

II.     Complaint 17 listed on page 5 of Complaint reads N.S.A. at Falls Church, Virginia. Complaint 18 listed on page 5 of Complaint reads F.A.A. Bradley International Airport, Connecticut. Complaint 18 listed on page 5 refers to travel from Florida to Fayettsville, North Carolina on to Delaware and return to Florida as Complaint reads. One note in question is the word "union" of American Civil Liberties Union, which a dictionary denotes as the act of joining together or state of being united, a league of states, harmony as in A.C.L.U. In reference to my letter dated December 13, 2005 to Mr. George Griffin, Cc. To A.C.L.U. Office of the President. Fedex 8532 0606 3703 (copy provided) which will, correct me if I am wrong, a participant. The plaintiffs allegations are ludicrous and without justification when making a statement as to my brain injuries, (implant) is the correct wording, also this Brainwave Implant was performed in Port Orange, Florida. I will provide the Court and Council with a copy of my report titled Brainwave Technology, Independent Report which will provide more insight into this line of statements as to case evidence. Plaintiff complaint also alleges the lack of action or to forsake any aggressive interest by the A.C.L.U. Florida in what I call Government Torture, using cutting edge Brain Technology. I did not inherit any injuries in the District of Columbia area as previously stated. I was tortured there as stated in my report. This hardware and instruction is provided to its technicians and doctors in the Falls Church Virginia area and the damage to the innocent citizens is induced via the training that they receive.

My main point is if the A.C.L.U. had took any heed or interest in my information, my Brainwave Technology information could have and would have been a thorough investigation into this matter. (part of Patriot Act control)

Quote from Office of the President: Nadine Strossen.

"It has been a monumental effort just to alert the public of the dangers of the Patriot Act No.1 Invader of Your Privacy.

## LACK OF SUBJECT MATTER JURISDICTION

**III.**    In answer to the Defendants statement describing my claims as frivolous, fictitious and bizarre to name a few adjectives describing my complaint on the subject of Brainwave Technology. To shed some light on this very highly technical disputed subject. I will include in my opposing points of information, a copy of my report titled Brainwave Technology, Independent Report. Which incidentally is one of the reports that was furnished to Mr. Griffin of ACLU Volusia/Flagler Chapter. The other report titled Pro se Litigation, Independent Report, which is the other report returned to Plaintiff.

One note of importance, which should be of subject matter in this case is an A.C.L.U. Foundation Document dated June 26, 2006. I found it highly informative and educational. It is titled "ACLU Seeks Information about Brain Scanners in Interrogations." As with Brainwave Technology or "Lie Detector" or 'Mind Reader" This Law Suite is on going. I do not find technical innovations neither frivolous nor fictitious if used for the betterment of life as a whole. I use this subject as an example of how the Defense Council can manipulate fact from fiction and the inability to grasp true technology at its core. Judging from councils knowledge of electronics as a whole, he has given me and will

give this Court the short coming of his understanding of electronics technology. Again I state my claim that had Mr. Griffin followed through on my request as an A.C.L.U. Representative and at the least, informed A.C.L.U. Foundation. media @aclu.org. It is also of importance to note on page 13c titled "Covert Operations of the U.S. National Security Agency," included in Brainwave Technology Independent Report, figures (a) thru (k) of body diagram page 38. My computer was compromised and all the save data as presented on pages 13a thru. 13p has been compromised along with other data. I have personally experienced the torture as I indicated as added type in page diagram. Also included in this report is titled "Pitfalls in Digital Evidence" which is my difficulty in presenting proof of a Temporal Implant. I have physical proof. The implant is inserted via use of syringe, page 35 a thru. c. Ref. Cat Scan # 0673986 and MRI # 574910.

### PLAINTIFF'S CLAIM(S) AGAINST THE A.C.L.U. of FLORIDA

IV.   I have include in my statement of claims:

(a) A.C.L.U. Office of the President, presented a copy of letter dated December 13, 2005. Addressed to A.C.L.U. Volusia/Flagler Cc. was Fedex to Office of President. Also with the same results of no reply as was the response from Mr. Griffin. This response alone should give an example of this persons non-professional foundation as a representative of the American Civil Liberties Union. I have enclosed a copy of the envelope that was mailed to A.C.L.U. Volusia/Flagler. Which contained letter dated December 13, 2005, which was returned for no known reason.

(b) Since it is established the A.C.L.U. is not a Government or not-for-profit organization. And as noted I do not seek monetary relief to my claim 69, also stated:
I Opposing Points and Authorities in Support of John E. Moore Motion to Dismiss.

(c) In closing Para. IV, I will reiterate my claim as presented in the preceding statements of this Complaint for Relief. A detailed explanation by Mr. Griffin is my most stringent demand for relief and the return of two reports which he has in his possession. My feeling is that this person should not be a representative of the A.C.L.U.

## CONCLUSION

**VI.** Just a phone call from Mr. Griffin could have saved all this time and money, cost to the A.C.L.U. of Florida, Attorney for the Defendant, let alone my time and money. Also this Courts valued time. All it would have taken was a call to A.C.L.U. of Florida for advice on the subject matter and a response to yours truly. For all the foregoing reasons. The motion by the Defendant to dismiss complaint of Plaintiff should be **DENIED.**

WHEREFORE, Plaintiff John E. Moore requests that its Motion be granted and that Defendants motion be DISMISSED WITH PREJUDICE for the reasons set forth herein.

DATED: June 19, 2007.

Respectfully submitted,

_____
John E. Moore Pro se
9 Pleasant View Circle
Daytona Beach, FL.
32118-5511
386-761-8193

## CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the foregoing upon:

    Arthur B. Spitzer
      D.C. Bar No. 235960
    American Civil Liberties Union
      of the National Capital Area
      1400 20th. Street, N.W. Suite 119
      Washington, D.C. 20036
      Tel. 202-457-0800
      Fax. 202-457-1868

DATED: June 19, 2007

                                              */s/ John E. Moore*
                                              John E. Moore Pro se