**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOHN E. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-0107 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE BUSH, | ) | |
| President of the United States, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**TWO OF THE FEDERAL DEFENDANTS' MOTION TO DISMISS** [1]

Defendants, George W. Bush, President of the United States, and United States Senator

Bill Nelson, by and through the undersigned counsel, hereby submit their motion to dismiss

plaintiff's complaint for failure to state a claim upon which relief can be granted.  Dismissal is

required pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), 12(b)(5), and 12(b)(6)

because plaintiff has failed to comply with the requirements of each of these rules.  For these

reasons, dismissal is required.

Respectfully submitted,

    s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

---

[1]The remaining two defendants, the United States National Security Agency, and the
United States Department of Justice, will be filing separate motions seeking summary judgment
regarding plaintiff's Freedom of Information Act claims.

  s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR THE FEDERAL DEFENDANTS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOHN E. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-0107 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE BUSH, | ) | |
| President of the United States, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**TWO OF THE FEDERAL DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

Defendants, George W. Bush, President of the United States, and United States Senator

Bill Nelson, by and through the undersigned counsel, hereby submit their motion to dismiss

plaintiff's complaint. Plaintiff's complaint is wholly deficient and fails to state a cognizable

claim for relief and therefore dismissal is required pursuant to Federal Rules of Civil Procedure

12(b)(1) and 12(b)(6). Furthermore, plaintiff has failed to properly serve the United States in

this matter, requiring dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5). Nor does

the complaint meet the pleading requirements of Federal Rule of Civil Procedure 8(a). For these

reasons, dismissal is required.

**BACKGROUND**

Plaintiff, John E. Moore, has filed a complaint in which he names as defendants President

George W. Bush, Senator Bill Nelson, the National Security Agency, the United States

Department of Justice ("DOJ"), the Volusia County Sheriff Department, the Southern Poverty

Law Center ("SPLC"), the American Civil Liberties Union ("ACLU"), and Dependable Civil

Process.  Plaintiff's allegations, while bizarre and fanciful, appear to allege a conspiracy among

the defendants relating to certain "brain chip" technology that plaintiff alleges has been

implanted in his brain.

Plaintiff alleges that he is a retired United States government employee, having worked

for the United States Department of Defense and the Federal Aviation Commission.  Complaint

("Compl.") ¶ 5.  Plaintiff contends that he is "one of the victims" in a "conspiracy" between the

National Security Agency ("NSA"), DOJ, the Federal Bureau of Investigation ("FBI"), the

Volusia County Sheriff's department, the ACLU, and Dependable Civil Process.  Id. ¶ 15.

Plaintiff contends that "[o]n or about November 14, 1996" he "was implanted with a micro-chip

such as ref: B.W.T. Report pg. 48. With the sole purpose being in control of my brain data ref:

cat scan #0673986 dtd. December 30, 1998."  Id. ¶ 16.  Plaintiff contends that he has "over two

hundred documents of proof of destroyed hardware and other items and receipts of repairs and

photos."  Id. ¶ 19.

As it concerns the current moving defendants, plaintiff seeks "an order that would require

President George W. Bush and his agents to halt an illegal and unconstitutional program of

electronic control of brain data through the brain wave technology system."  Id. ¶ 21.  According

to plaintiff, this technology is used "not only [for] brain control but also in the use of torture on

innocent citizens of the United States of America."  Id.  Regarding Senator Nelson, plaintiff

contends that he has visited the Senator's Orlando Office and has sent documentation regarding

the Brainwave Technology, with no response.  Id. ¶ 22.  He has also had several conversations

with members of the Senator's staff.  Id. ¶¶ 23-27.  Plaintiff seeks an order from this Court

"requiring Senator Bill Nelson to perform [his] mandatory Duty, and to halt the obstruction of

justice conduct. Title 42 U.S.C. 1986." Id. ¶ 53. Plaintiff further requests that Senator Nelson

"call for a release of Brainwave Technology information held by the NSA, and make available to

the Health and Medical Community[,]" and "put before the Senate Judiciary Committee[ ] a

request to investigate the dissemination of Brainwave Technology down to the Local Law

Enforcement level (Sheriff)." Id. ¶¶ 54-55.

## ARGUMENT

**I.    The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims.**

### A.    Standard of Review

In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal

Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual

allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v.

Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is

not required, however, to accept inferences unsupported by the facts alleged or legal conclusions

that are cast as factual allegations." Rann v. Chao, Dep't of Labor, 154 F. Supp. 2d 61, 64

(D.D.C. 2001) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). In addition,

when determining whether jurisdiction is proper, the Court is at liberty to look beyond the

pleadings without converting the motion into one for summary judgment. See Haase v. Sessions,

835 F.2d 902, 905 (D.C. Cir. 1987) ("It seems clear . . . that the plain language of Rule 12(b)

permits only a 12(b)(6) motion to be converted into a motion for summary judgment").

### B.    Plaintiff has Failed to Assert a Valid Jurisdictional Basis for His Claims Against President Bush and Senator Nelson.

Plaintiff brings his claims against President Bush and Senator Nelson pursuant to "the

Government-in-the Sunshine Act, 5 U.S.C. 552b ("Sunshine Act"), and the Freedom of

Information Act, 5 U.S.C. 552 ("FOIA")[.]" Compl. ¶ 1. However, by their terms, both the

Sunshine Act and the FOIA apply to agencies, not individuals. See 5 U.S.C. § 552b(a)(1) ("The

term 'agency' means any agency as defined in [FOIA] section 552(e)."). Thus, these statutes

cannot be used to support plaintiff's claims against President Bush and Senator Nelson. See

Jefferson v. Reno, 123 F. Supp. 2d 1, 3 (D.D.C. 2000) ("Individual federal officials are not

proper defendants in a FOIA action because it is the agency's responsibility to produce

records.") (citations omitted); Anderson v. Bates, No. Civ.A. 92-2896, 1993 WL 219200, at *1

(D.D.C. June 8, 1993) ("[I]t is clear that FOIA only provides a cause of action against an

'agency' for improperly 'withholding agency records.' . . . It does not provide a cause of action

against individual officials of the United States.") (citations omitted), aff'd, No. Civ.A. 93-5206,

1994 WL 10863 (D.C. Cir. Jan. 7, 1994). See also Pacific Legal Foundation v. Council on

Environmental Quality, 636 F.2d 1259, 1263 (D.C. Cir. 1980) ("The [Sunshine] Act incorporates

by reference the definition of 'agency' in the [FOIA], 5 U.S.C. s 552(e).").

 Plaintiff also invokes 42 U.S.C. section 1986. Compl. ¶ 2. In relevant part 42 U.S.C.

section 1986 provides:

> Every person who has knowledge that any of the wrongs conspired to
> be done, and mentioned in section 1985 of this title, are about to be
> committed, and having power to prevent or aid in preventing the
> commission of the same, neglects or refuses to do so, if such wrongful
> act be committed, shall be liable to the party injured . . . for all damages
> caused by such wrongful act, which such person by reasonable diligence
> could have prevented . . . .

42 U.S.C. § 1986. This statute, by its terms, does not waive the United States' sovereign

immunity to suit. See Hohri v. United States, 782 F.2d 227, 245 & n.43 (D.C. Cir. 1986),

vacated on other grounds, 482 U.S. 64 (1987).[1]  The United States is immune from suit except as

it consents to be sued.  United States v. Mitchell, 463 U.S. 206, 212 (1983).  The terms of its

consent define a court's jurisdiction to hear suits.  United States v. Sherwood, 312 U.S. 584, 586

(1941).  Thus, because section 1986 does not waive the United States' sovereign immunity,

dismissal is required.  See Zhu v. United States, No. Civ.A. 04-1216, 2005 WL 1378914, at *4

(D.D.C. June 9, 2005) (Collyer, J.) ("42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986 'by their

terms, do not apply to actions against the United States.'") (quoting Hohri, 782 F.2d at 245 &

n.43) (other citations omitted).

Finally, plaintiff cites Federal Rule of Civil Procedure 60 in an attempt "to compel the

defendant U.S. Senator Bill Nelson to provide information pertaining to my written request."

Compl. ¶ 2.  However, Rule 60, "Relief from Judgment or Order" provides no such relief.

Rather, the rule concerns correcting clerical or other mistakes made in a judgment or order.  See

Fed. R. Civ. P. 60(a); Fed. R. Civ. P. 60(b).  For these reasons, the Court lacks subject matter

jurisdiction over plaintiff's claims against President Bush and Senator Nelson and these claims

should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).[2]

---

[1]Plaintiff's lawsuit appears to raise claims against President Bush and Senator Nelson in their official capacities only.  Accordingly, the undersigned counsel responds to plaintiff's complaint on behalf of the defendants in their official capacities.  Nothing in this motion or the accompanying memorandum of law in support should be construed to waive any defenses the defendants may have in their personal capacities, including, but not limited to, improper venue, insufficiency of service of process, and qualified immunity from suit.

[2]Plaintiff also contends that the Court has subject matter jurisdiction pursuant to "28 U.S.C. 131 (federal question jurisdiction)."  Compl. ¶ 4.  Plaintiff is apparently referring to 28 U.S.C. section 1331, which provides this Court with federal question jurisdiction.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.").  However, this provision does not provide an independent basis of jurisdiction.  See Empire Healthchoice Assurance, Inc. v. McVeigh, 126

**C.     The Complaint Should be Dismissed Pursuant to Rule 12(b)(1) Because Plaintiff's Claims Are Frivolous.**

The Supreme Court has "repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" Hagans v. Lavine, 415 U.S. 528, 536 (1974). In this case, the litany of allegations described by plaintiff leaves no doubt that the complaint is "essentially fictitious," comprised of "bizarre conspiracy theories, . . . fantastic government manipulations of [plaintiff's] will or mind . . . [and other] clearly fanciful claims." Best v. Kelly, 39 F.3d 328, 330-31 (D.C. Cir. 1994). The complaint is "patently insubstantial" and should be dismissed for "want of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989).

In Roum v. Bush, 461 F. Supp. 2d 40 (D.D.C. 2006), this Court dismissed as "fundamentally incredible" claims by a pro se plaintiff which alleged, in part, that there was an intricate plot by various agencies and federal officials to kidnap, torture, and kill the plaintiff, and that plaintiff had been implanted with a "GPS microchip that releases harmful chemicals into his body . . . ." Id. at 43. The Court concluded that "[c]omplaints that are comprised of 'fanciful claims' and 'bizarre conspiracy theories' are generally subject to dismissal [for lack of subject

---

S. Ct. 2121, 2131 (2006) ("A case 'arise[s] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'") (citation omitted); Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006) ("A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States.") (citation omitted). See also Gem County Mosquito Abatement Dist., 398 F. Supp. 2d at 12 ("Section 1331 does not independently or separately confer jurisdiction. Rather, the [p]laintiffs must identify a statute or law of the United States on which their claims are based.").

matter jurisdiction]." Id. at 46 (quoting Bestor v. Lieberman, No. Civ.A. 03-1470, 2005 WL

681460, at *1 (D.D.C. Mar. 11, 2005).  Similarly, in Bestor, the court dismissed allegations

nearly identical to those made by the plaintiff here for lack of subject matter jurisdiction.  The

plaintiff in Bestor alleged that he had been "drugged and kidnaped from his apartment, and that a

system of neuroprosthetics was implanted in his skull and brain."  2005 WL 681460, at *1.

Plaintiff claims that these neuroprosthetics allowed "human operators to monitor his thoughts

and induce image and audio sequences in his brain . . . ."  Id. at *2.  The court concluded that

"[b]ecause of the frivolous nature of plaintiff's claims and the lack of evidence presented in

support of the complaint, plaintiff's essentially fictitious allegations present no claim over which

the court may exercise subject matter jurisdiction.  Accordingly, defendant's motion to dismiss

will be granted."  Id.

  As in Roum and Bestor, plaintiff's claims here are entirely fanciful and lacking in any

evidentiary support.  Accordingly, the complaint should be dismissed pursuant to Federal Rule

of Civil Procedure 12(b)(1).

**II.  Plaintiff Has Failed to State a Claim Upon Which Relief Can be Granted.**

  **A.  Standard of Review**

  Defendants also seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do . . . ."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)

(citations omitted).  Thus, the "[f]actual allegations must be enough to raise a right to relief

above the speculative level . . . ." Id. (citations omitted).   Thus, in order for a complaint to

survive dismissal, the "[f]actual allegations must be enough to raise a right to relief above the

speculative level . . . ." Id. (citations omitted).  This requires a plaintiff seeking to avoid

dismissal to state "circumstances, occurrences and events" that support the legal claim presented

rather than merely make a "bare averment" that he is entitled to relief.  Id. at 1965 n.3.

Dismissal is required if the complaint does not plead "enough facts to state a claim to relief that

is plausible on its face." Id. at 1974.

### B.     Plaintiff Has Failed to Assert a Cognizable Claim for Relief.

Dismissal of the complaint is required pursuant to Rule 12(b)(6).  A simple reading of the

complaint reveals that plaintiff has failed to set forth any cognizable legal theory against either

President Bush or Senator Nelson that could possibly entitle him to relief.  Plaintiff seeks an

order requiring President Bush to "halt an illegal and unconstitutional program of electronic

control of brain data through the brain wave technology system." Compl. ¶ 21.  He similarly

seeks an order "requiring Senator Bill Nelson to perform [a] mandatory [d]uty, and to hault [sic]

the obstruction of justice conduct." Id. ¶ 53.  Aside from the purely outlandish nature of the

relief he seeks, as discussed supra, plaintiff has not set forth any statutory basis for any of the

relief he seeks.  He has quite simply failed to state any claim for cognizable relief and dismissal

is required pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

See Best v. Kelly, 39 F.3d 328, 331 (D.C. Cir. 1994) ("Complaints may also be dismissed, sua

sponte, if need be, under Rule 12(b)(6) whenever 'the plaintiff cannot possibly win relief.' . . . If

the district court viewed the remaining portion of plaintiff's complaint as legally frivolous, . . .

the proper course would have been to grant the defendant's Rule 12(b)(6) motion. . . . Dismissals

under Rule 12(b)(1) are not adjudications on the merits; dismissals under Rule 12(b)(6) are, unless the court specifically states otherwise.") (citing Fed. R. Civ. P. 41(b)).

**III.    Plaintiff Has Failed to Effect Proper Service of Process on the United States.**

Dismissal is also required pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficiency of service of process.  Pursuant to  Federal Rule of Civil Procedure 4(i)(1)(A), plaintiff was required to serve a copy of the summons and the complaint on "the United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and . . . complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney . . . ." In addition, plaintiff was required to send a copy of the summons and complaint "by registered or certified mail to the Attorney General of the United States . . . ."  Fed. R. Civ. P. 4(i)(1)(A). Plaintiff was required to serve process within 120 days after filing the complaint.  Fed. R. Civ. P. 4(c)(1); Fed. R. Civ. P. 4(m).

Despite filing this action over nine months ago, to date, plaintiff has failed to properly serve the United States.  Notably, a review of the docket sheet reveals that no summonses were ever issued to the United States attorney or the Attorney General of the United States.  And, at this time, the time for effecting proper service has expired.  Fed. R. Civ. P. 4(c)(1); Fed. R. Civ. P. 4(m).  Plaintiff has failed to properly serve the United States and therefore dismissal of his complaint is warranted.

**IV.    The Complaint Fails to Meet the Pleading Requirements of Federal Rule of Civil Procedure 8(a).**

Federal Rule of Civil Procedure 8(a) requires that a complaint:

> shall contain (1) a short and plain statement of the grounds upon which

> the court's jurisdiction depends . . . (2) a short and plain statement of
> the claim showing that the pleader is entitled to relief, and (3) a demand
> for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Plaintiff's complaint is nothing but pure speculation and fanciful allegations and fails to set forth any coherent legal theories that could be found to support his claims. Notably, it is not clear what import many of plaintiff's allegations are intended to have; for example, he spends several paragraphs describing his purported communications with members of Senator Nelson's staff and then asks "[I]s Senator Nelson aware that his office might have been compromised. Also why were these documents not resent through normal channels?" Compl. ¶ 27. Defendants are left to speculate about what these allegations are intended to convey and how they bear any relevance to the claims plaintiff purports to assert. Under the federal rules, the principal function of the complaint is to give defendants fair notice of its claims so that defendants may adequately respond. See Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977) ("The purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judictata is applicable.") (citations omitted).[3] Furthermore, although plaintiff, as a pro se litigant, is entitled to some latitude, he is still required to comply with the federal rules. See, e.g., Hilska v. Jones, 217 F.R.D. 16, 21 (D.D.C. 2003). Complaints that are rambling, incomprehensible and unnecessarily voluminous – such as plaintiff's – fail to meet the minimum

---

[3]It appears that plaintiff has attempted to assert similar claims before another federal district court. See Moore v. United States Dep't of Justice, No. Civ.A. 03-cv-1499 (M.D. Fla.). This case was dismissed by the Court for failing to comply with Federal Rules of Civil Procedure 4(c)(1), 4(m), and 8(a). Id. See Motion of Defendant Volusia County Sheriff Department's Motion to Dismiss, Ex. A (Order dated May 11, 2004).

requirements of Rule 8 because "a complaint that contains only vague and conclusory claims with no specific facts supporting the allegations may not give defendant fair notice of the claims against him and thus would not allow the defendant to devise a competent defense." Id. (citation omitted).  Accordingly, the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 8(a).

**CONCLUSION**

For the reasons set forth above, Defendants President George W. Bush and Senator Bill Nelson respectfully request that the complaint be dismissed.


Respectfully submitted,

    s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

    s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR THE FEDERAL DEFENDANTS

11

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 5th day of October, 2007, a copy of the foregoing Two of the

Federal Defendants' Motion to Dismiss was mailed, via first-class mail, postage pre-paid to:

       John E. Moore
       9 Pleasant View Circle
       Daytona Beach, FL 32118


         /s/ Michelle N. Johnson
        MICHELLE N. JOHNSON, D.C. BAR # 491910
        Assistant United States Attorney
        555 4th St., N.W.  Room E4212
        Washington, D.C. 20530
        202-514-7139

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOHN E. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-0107 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE BUSH, | ) | |
| President of the United States, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**[PROPOSED] ORDER**

This matter having come before the Court on the motion of President George W. Bush

and United States Senator Bill Nelson for dismissal of the complaint, plaintiff's opposition, if

any, and defendants' reply, if any, it is hereby

**ORDERED** that the defendants' Motion to Dismiss is hereby **GRANTED**.  And it is

further

**ORDERED** that the complaint is hereby dismissed with prejudice as it concerns

defendants President George W. Bush and United States Senator Bill Nelson.

**SO ORDERED** on this _____ day of _____, 2007.


_____
ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE