IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN E. MOORE, | ) |
|        Plaintiff, | ) |
| | ) Civil Action No. 07-0107 (RMC) |
| v. | ) |
| GEORGE BUSH, | ) |
| President of the United States, et al. | ) |
|        Defendants. | ) |

**FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S "MOTION
REQUEST FOR INJUNCTIVE RELIEF"**

Defendants, the United States National Security Agency, and the United States Department of Justice, (collectively referred to herein as "the federal Defendants"),[1] by and through the undersigned counsel, hereby submit their opposition to Plaintiff's motion for injunctive relief. Plaintiff's request for injunctive relief is just as, if not more, frivolous as the claims asserted in his complaint and should be denied.

**I.     Plaintiff's Request for Injunctive Relief.**

Plaintiff has filed a mysterious and perplexing pro se motion entitled "Plaintiff John E. Moore, Motion Request for Injunctive Relief." ("Pl.'s Mot."). In this motion, Plaintiff seeks injunctive relief from what he "label[s] as harassment." Pl.'s Mot. at 2. According to plaintiff, this harassment consists of the following: his personal computer "is lost at all function levels of operation . . ," id. at 3; he has received harassing telephone calls, id. at 4; his wife's automobile

---

[1] Plaintiff's motion is not directed to defendants President George W. Bush or Senator Bill Nelson as plaintiff contends that only the "above named agencies have the resources to commit this type of intrusion." Pl.'s Mot. at 2.

has suffered various types of damage, including four flat tires, id.; he continues to suffer from brainwave torture that is being perpetrated on him, id. at 4-5; his heat/air home system has been tampered with, id. at 5; a photograph in his digital camera that was not taken by him, id.; unknown devices have been placed in plaintiff's bedroom ceiling and above his kitchen door, id. at 6; and he has issues with the functioning of his television and Direct TV home television system. Id. In support of his claims, plaintiff has attached a log of allegedly harassing telephone calls he has received dating back to 2005; written descriptions of the facts supporting his belief that his electronic stove has been "compromised"; pages from the anesthesia awareness website; a written description of the types of brainwave torture he contends he is experiencing; numerous invoices relating to repairs that have been made to his wife's automobile; printed materials regarding the Online Personal Privacy Protect Act of 2002; a copy of the amicus curiae brief submitted by the American Civil Liberties Union of New Jersey in the case of State of New Jersey v. Shirley Reid, criminal action No. A-003424-08T5; and several pages of copies of photographs depicting plaintiff's thermostat (which he contends is being tampered with), various computer screens, flat tires, and some unidentifiable objects. Plaintiff asks that the Court order the National Security Agency, the Federal Bureau of Investigation, and the Volusia County Sheriff's Department to "cease and desist from this form of harassment in the privacy of my home and private property . . . ." Pl.'s Mot. at 9.

**II.     Argument**

    **A.     Standard of Review**

While not setting forth the applicable legal standard, plaintiff's motion for injunctive relief is governed by a four-part test. In determining whether injunctive relief is appropriate, the

court examines four factors: (1) whether the movant has a substantial likelihood of success on the merits; (2) whether the movant will suffer irreparable injury if injunctive relief is denied; (3) whether issuance injunctive relief will not substantially harm other parties; and (4) whether the public interest favors issuance injunctive relief.  See United States v. Philip Morris, Inc., 314 F.3d 612, 617 (D.C. Cir. 2003) (citing Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977)).

      B.      **Plaintiff is Not Entitled to Any Injunctive Relief.**

Plaintiff here has failed to address any of the elements necessary for a grant of injunctive relief.  However, even if he had, it is apparent that injunctive relief is not only unavailable, but is wholly inappropriate in this case.  First, plaintiff does not have a likelihood of success on the merits of his claims.  As the federal defendants argued in their motion to dismiss, plaintiff's claims are frivolous and subject to dismiss on several grounds.[2]  See, e.g., Hagans v. Lavine, 415 U.S. 528, 536 (1974); Best v. Kelly, 39 F.3d 328, 330-31 (D.C. Cir. 1994); Roum v. Bush, 461 F. Supp. 2d 40 (D.D.C. 2006).  Second, plaintiff will not suffer irreparable harm in the absence of injunctive relief.  The actions about which plaintiff complains have, according to his motion, been occurring since at least 2005.  Furthermore, plaintiff has failed to demonstrate that it is indeed the federal defendants that are the cause of these problems.  Third, issuance of injunctive relief, presuming some sort of relief could be fashioned by the Court, which is doubtful as plaintiff has not produced a scintilla of evidence that the actions about which he complains have

---

[2] Notably, plaintiff has not responded to the federal defendant's motion to dismiss despite the fact that the motion was filed on October 5, 2007.  [Docket Entry No. 29].  In his current motion, plaintiff indicates that his response to the motion is "forth coming" although he fails to provide any justification for failing to respond, or move for an extension of time to respond.

been committed by the federal defendants, substantial harm would be caused by the Court's recognition of plaintiff's frivolous claims as having any semblance of merit. Finally, the public interest weighs in favor of the denial of injunctive relief to litigants, such as plaintiff, who assert such frivolous claims before the Court.

**III.    Conclusion**

For the reasons set forth above, defendants request that the Court deny plaintiff's motion for injunctive relief.

Respectfully submitted,

　　s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

　　s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

　　s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR THE FEDERAL DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2007, a copy of the foregoing Federal Defendants' Opposition to Plaintiff's "Motion Request for Injunctive Relief" was delivered via first-class mail, postage pre-paid to:

>John E. Moore
>9 Pleasant View Circle
>Daytona Beach, FL 32118

>     /s/ Michelle N. Johnson
>MICHELLE N. JOHNSON, D.C. BAR # 491910
>Assistant United States Attorney
>555 4th St., N.W.  Room E4212
>Washington, D.C. 20530
>202-514-7139

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN E. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 07-0107 (RMC) |
| v. | ) |
| | ) |
| GEORGE BUSH, | ) |
| President of the United States, et al. | ) |
| | ) |
| Defendants. | ) |

### [PROPOSED] ORDER

This matter having come before the Court on Plaintiff's "Motion Request for Injunctive Relief[,]" the federal defendants' opposition to plaintiff's motion and plaintiff's reply, if any, it is hereby

**ORDERED** that Plaintiff's Motion Request for Injunctive Relief is hereby **DENIED.**

**SO ORDERED** on this ____ day of _____, 2007.

_____
ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE