IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN E. MOORE,                       )<br>                                                    )<br>            Plaintiff,                         )<br>                                                    )       Civil Action No. 07-0107 (RMC)<br>                                                    )<br>v.                                                  )<br>                                                    )<br>GEORGE BUSH,                          )<br>President of the United States, et al.  )<br>                                                    )<br>                                                    )<br>            Defendants.                   )<br>_____) | |

## TWO OF THE FEDERAL DEFENDANTS' REPLY IN
## FURTHER SUPPORT OF THEIR MOTION TO DISMISS

Defendants, George W. Bush, President of the United States, and United States Senator Bill Nelson, by and through the undersigned counsel, hereby submit their reply in further support of their motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Despite plaintiff's filing of an opposition in response to defendants' motion,[1] dismissal is still required pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), 12(b)(5), and 12(b)(6) because plaintiff has failed to comply with the requirements of each of these rules.

Plaintiff's opposition fails to substantively address most, if not all, of defendant's arguments. Plaintiff does not substantively refute defendants' argument that the Court lacks jurisdiction under Rule 12(b)(1) because the claims in his complaint are "fanciful." See, e.g., Hagans v. Lavine, 415 U.S. 528, 536 (1974). Instead, he devotes several pages to describing how

---

[1] Defendants note that plaintiff's opposition fails to comply with Local Civil Rule 7, which requires that an opposition be filed within 11 days of the filing of the motion. Defendants filed their motion on October 5, 2007, and plaintiff's opposition was filed on January 14, 2008.

he believes the brainwave chip technology can be implanted and where it was created, and he questions "[w]hy this electronic chip [is] not being used in the medical field helping the hearing impaired." Plaintiff's Opposition as to the Federal Defendants' Request for Dismissal ("Pl.'s Opp'n") at 6. While attaching various documents that purport to establish that the brainwave technology has been used, plaintiff has failed to support the specific allegations in his case. Plaintiff's complaint is wholly lacking in evidentiary support and dismissal pursuant to Rule 12(b)(1) is required. See, e.g., Roum v. Bush, 461 F. Supp. 2d 40 (D.D.C. 2006); Bestor v. Lieberman, No. Civ.A. 03-1470, 2005 WL 681460, at *1 (D.D.C. Mar. 11, 2005).

Next, as it concerns his FOIA claims, plaintiff presents nothing to support his allegation that such claims may be asserted against President Bush or Senator Nelson. In fact, any attempt by him to do so is belied by the FOIA's statutory language. See 5 U.S.C. § 552b(a)(1) ("The term 'agency' means any agency as defined in [FOIA] section 552(e)."). Thus, these statutes cannot be used to support plaintiff's claims against President Bush and Senator Nelson. See Jefferson v. Reno, 123 F. Supp. 2d 1, 3 (D.D.C. 2000) ("Individual federal officials are not proper defendants in a FOIA action because it is the agency's responsibility to produce records.") (citations omitted); Anderson v. Bates, No. Civ.A. 92-2896, 1993 WL 219200, at *1 (D.D.C. June 8, 1993) ("[I]t is clear that FOIA only provides a cause of action against an 'agency' for improperly 'withholding agency records.' . . . It does not provide a cause of action against individual officials of the United States.") (citations omitted), aff'd, No. Civ.A. 93-5206, 1994 WL 10863 (D.C. Cir. Jan. 7, 1994).

Plaintiff's complaint also should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as he has failed to state a claim for relief. While in his opposition plaintiff

appears to attempt to amend his complaint, he has filed no formal motion to do so.  Even if he were allowed to do so, however, such amendment would be futile as there is no cognizable claim for relief that plaintiff is asserting.  See <u>Best v. Kelly</u>, 39 F.3d 328, 331 (D.C. Cir. 1994) ("Complaints may also be dismissed, <u>sua sponte</u>, if need be, under Rule 12(b)(6) whenever 'the plaintiff cannot possibly win relief.' . . . If the district court viewed the remaining portion of plaintiff's complaint as legally frivolous, . . . the proper course would have been to grant the defendant's Rule 12(b)(6) motion. . . . Dismissals under Rule 12(b)(1) are not adjudications on the merits; dismissals under Rule 12(b)(6) are, unless the court specifically states otherwise.") (citing Fed. R. Civ. P. 41(b)).

As it concerns service, plaintiff has still failed to demonstrate to the Court that proper service was made on the United States.  Plaintiff fails to address defendants' contention that a review of the docket sheet reveals that no summonses were ever issued to the United States attorney or the Attorney General of the United States.  And, at this time, the time for effecting proper service has expired.  Fed. R. Civ. P. 4(c)(1); Fed. R. Civ. P. 4(m).  Thus, dismissal on this ground remains viable.

Finally, plaintiff fails to substantively address defendants' argument that Rule 8(a) of the Federal Rules of Civil Procedure supports dismissal because plaintiff has failed to provide a "short and plain statement" of the relief he seeks.  Fed. R. Civ. P. 8(a).  As defendants previously argued, plaintiff's complaint is nothing but pure speculation and fanciful allegations and fails to set forth any coherent legal theories that could be found to support his claims.  Notably, it is not clear what import many of plaintiff's allegations are intended to have; for example, he spends several paragraphs describing his purported communications with members of Senator Nelson's

staff and then asks "[I]s Senator Nelson aware that his office might have been compromised. Also why were these documents not resent through normal channels?" Compl. ¶ 27. Defendants are left to speculate about what these allegations are intended to convey and how they bear any relevance to the claims plaintiff purports to assert. Under the federal rules, the principal function of the complaint is to give defendants fair notice of its claims so that defendants may adequately respond. See Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977) ("The purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judictata is applicable.") (citations omitted). Plaintiff's complaint fails to do so and should be dismissed.

## CONCLUSION

For the reasons set forth above, as well as those asserted in their initial motion to dismiss, Defendants President George W. Bush and Senator Bill Nelson respectfully request that the complaint be dismissed as it pertains to them.

Respectfully submitted,

   s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office

Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR THE FEDERAL DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of January, 2008, a copy of the foregoing Two of the Federal Defendants' Motion to Dismiss was mailed, via first-class mail, postage pre-paid to:

John E. Moore
9 Pleasant View Circle
Daytona Beach, FL 32118


　　/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
555 4th St., N.W.  Room E4212
Washington, D.C. 20530
202-514-7139