UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN E. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CA. No. 07-0107 (RMC) |
| | ) |
| GEORGE W. BUSH, et al | ) |
| | ) |
| Defendant, | ) |

**PLAINTIFF MOTION OF REQUEST FOR CENSURE
OF DEFENDANTS AS TO THEIR ADVERSE JUDGMENT
TO MOTION REQUEST FOR ADDITIONAL TIME**

I.                          **OPPOSION**

1. This Motion is being filed in response to a phone message from Defense Counsel requesting Extension of Time. I received a voice message at my home for the first time in reference to this request on Friday, January 18, 2008 @ 12:59 PM, for an enlargement of time to support Plaintiff Motion for Dismissal. The message also read, to be filed Tuesday, January 22, 2008.

2. On Tuesday, January 22, 2008 @ 10:15 AM. First business day after holiday weekend, I attempted to contact Defendants' Attorney Michelle Johnson, to no avail. I forwarded a voice mail to her indicating that I had no problem with request for additional time. I then proceeded to indicate to her that I am leaving open any avenues of communication, pursuant to Local Civil Rule 7(m),

**RECEIVED**

JAN 3 1 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

as to questions or information she would like as a follow up pertaining to this particular Motion, as a good faith effort to confer.[1]

3. On Tuesday, January 22, 2008, I accessed Pacer Net, and discovered the Defendant had filed this Motion for an enlargement of time on Friday, January 18, 2008.

II. **ARGUMENT**

1. Pursuant to LCvR7 (m). No offer by Defense Counsel to discuss this anticipated motion with Plaintiff (Pro Se), in person or telephone, also the party shall include in its Motion a statement that the required discussion occurred.[1] No such statement or discussion took place. Defendant makes a vague and ambiguous statement of attempt to contact Plaintiff. Defendant had ample time to communicate with Plaintiff, a time frame of January 7, 2008 to January 18, 2008, date of filing Motion for enlargement of time and also date of contacting Plaintiff of intended Motion. Why last minute? Why no request to confer?[1] Also, caller ID, indicated "unknown caller," not U.S. Government, which is a normal indication.

2. Attempt to converse with Defendant was instigated by Plaintiff to no avail. As of Tuesday, January 22, 2008, no attempt by Defendant to discuss the anticipated motion prevailed. And again I submit that the Defendants vague statement as to its attempt to contact Plaintiff holds no credence to bring fair closure to this litigation in a timely and just manner.

3. This is another example of imprecise statements by the Defendant, when in actuality the motion for extension was filed Friday, January 18, 2008, which was the day Defendant made the statement (recorded) of filing this Motion for enlargement of time.

4. Pursuant to Rule 6(b)(2) of the Federal Rules of Civil Procedure, Defendants request for enlargement of time. Motion ¶. While Defendant invokes Rule 6(b)(1) as being understandable to obtain an enlargement of time, it does not reflect the course taken or means to this end. ¶ doc.38-Id4. Pursuant to Rule 60(b)(3),(4) of Federal Rules of Civil Procedure, Plaintiff brings forward what Defense failed to realize that it had compromised Local Civil Rule 7(m).[1]

III.                            **CONCLUSION**

For these reasons set forth above, I must request this motion for censure by this Court as to the afore reasons stated. As a request for relief.

---

[1] Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. etc. A party shall include in it motion a statement that the required discussion occurred.

[2] Rule 60(b)(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party. (4) the judgment is void.

                                         Respectfully submitted

                                         *John E. Moore*
                                         John E. Moore Pro Se
                                         9 Pleasant View Circle,
                                         Daytona Beach, Florida
                                         32118-5511
                                         (386) 761-8193

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiff Motion of Request for Censure of Defendants as to their Adverse Judgment to Motion request for additional time was mailed by depositing a copy of said document in the U.S. Mail, firs class postage prepaid, on this 29th day of January, 2008

addressed to:

MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. Room E4212
Washington, D.C. 20530
(202) 514-7139


/s/ John E. Moore Pro Se

_John E. Moore_
9 Pleasant View Circle
Daytona Beach, Florida.
32118-5511
(386) 761-8193