## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN E. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-0107 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE BUSH, | ) | |
| President of the United States, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### FEDERAL DEFENDANTS' OPPOSITION TO "PLAINTIFF MOTION OF REQUEST FOR CENSURE OF DEFENDANTS AS TO THEIR ADVERSE JUDGMENT TO MOTION REQUEST FOR ADDITIONAL TIME"AND MOTION TO STRIKE PLAINTIFF'S SURREPLY

Defendants President George W. Bush and Senator Bill Nelson by and through the undersigned counsel, hereby submit their opposition to "Plaintiff Motion of Request for Censure of Defendants as Their Adverse Judgment to Motion Request for Additional Time."  In addition, defendants move to strike plaintiff's surreply to defendants' motion for dismissal.

I.    **Plaintiff's Motion of Request for Censure of Defendants as to Their Adverse Judgment to Motion Request for Additional Time.**

Plaintiff has filed a mysterious and perplexing pro se motion entitled "Plaintiff Motion of Request for Censure of Defendants as Their Adverse Judgment to Motion Request for Additional Time."  ("Pl.'s Mot.").  In this motion, plaintiff indicates that he received a telephone message from Ms. Johnson, undersigned counsel for defendants, in reference to a request for an extension of time to file a reply in further support of the two federal defendants' motion for dismissal.  Pl.'s Mot. ¶ 1.  Plaintiff indicates he left a voicemail message for Ms. Johnson indicating that he had

"no problem with [the] request for additional time." Id. ¶ 2. Plaintiff contends that the motion

was filed prior to the time he indicated his consent, and therefore was not properly filed. Id. at 2.

He therefore "request[s] this motion for censure by this Court . . . ."

Plaintiff's motion is without merit. To the extent he is attempting to oppose defendant's

motion for an enlargement of time, he has failed to offer any explanation regarding why he would

be prejudiced by the grant of the motion, notably because he indicated that he did not oppose the

extension defendant sought. To the extent that plaintiff seeks "censure" he has not stated a claim

for relief or clearly explained what relief he is seeking. Accordingly, his motion should be

denied.[1]

## II.    Defendants' Motion to Strike Plaintiff's Surreply to Defendants' Motion for Dismissal.

Plaintiff has filed a document entitled "Plaintiff Affirms It's Opposition as to the Two

Federal Defendants Request for Dismissal." This document is nothing more than an improperly

filed surreply and should be stricken.

The two federal defendants filed a motion seeking dismissal of plaintiff's complaint on

October 5, 2007. Plaintiff filed an opposition to that motion on January 7, 2008. Thereafter,

after requesting an extension of time, the defendants filed their reply in further support of their

motion to dismiss on January 25, 2008. Plaintiff then filed another response in opposition to

defendants' motion on February 4, 2008. This response was an improperly filed surreply, for

which plaintiff was required to seek leave from the Court to file. See, e.g., Stanford v. Potomac

---

[1]Undersigned counsel did telephone plaintiff to ask for his consent regarding the motion for an enlargement of time, but because she was unable to reach him prior to the time the motion needed to be filed, she indicated that she did attempt to contact him but had not been able to speak to him.

2

Elec. Power Co., 394 F. Supp. 2d 81, 87 (D.D.C. 2005).  Plaintiff never sought leave from the Court to file this pleading, and it should therefore be stricken.  Furthermore, plaintiff failed to indicate in his surreply that defendants' reply had raised new or additional arguments not raised in the original motion, a requirement for seeking leave to file such a document.  Id.

    In any event, the arguments made by plaintiff's surreply are without merit.  Plaintiff contends that the two federal defendants' motion for dismissal was not timely.  Plaintiff contends he properly served the United States in this matter by serving summonses to the U.S. Attorney's Office and the U.S. Attorney General.  However, to date he has failed to demonstrate this service occurred.  Specifically, the docket sheet does not reveal the summonses were ever issued to the U.S. Attorney's office or the U.S. Attorney General.  Rather, on April 26, 2007, Plaintiff filed a "Return of Service/Affidavit" regarding service of the complaint and summons on President Bush, Senator Nelson, the National Security Agency, and the United States Department of Justice.  [Docket Entry No. 6].  Plaintiff also filed a subsequent document in which he attached a copy of a summons directed to the U.S. Attorney General; however he did not attach any document showing that a summons was issued to the U.S. Attorney's Office. [Docket Entry No. 24].  Accordingly, the time in which defendants were required to respond to the complaint has not expired because proper service was not effectuated.  See Haldane v. Crockford, No. Civ.A. 97-2483, 1998 WL 419617, at *3 (D.D.C. Apr. 23, 1998) ("[D]efendant's obligation to answer or plead to the complaint is predicated on effective service of the complaint.").[2]

---

    [2]Defendants further note that plaintiff's opposition to the motion was clearly filed outside the time set forth in this Court's local rules, which provides for the filing of oppositions within eleven days after service of the motion.  LcVR 7(b).  Defendants filed their motion on October 5, 2007, and plaintiff's response in opposition was not filed until three months later, on January 7, 2008, clearly beyond the time provided for in Local Civil Rule 7(b).

III.    **Conclusion**

For the reasons set forth above, defendants request that the Court deny plaintiff's motion

for censure and strike plaintiff's surreply.

Respectfully submitted,

___s/ Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


___s/ Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


___s/ Michelle N. Johnson_____
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR THE FEDERAL DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of February, 2008, a copy of the foregoing Federal

Defendants' Opposition to Plaintiff's "Motion of Request for Censure of Defendants as to Their

Adverse Judgment to Motion Request for Additional Time" and Defendants' Motion to Strike

Plaintiff's Surreply" was delivered via first-class mail, postage pre-paid to:

       John E. Moore
       9 Pleasant View Circle
       Daytona Beach, FL 32118


         /s/ Michelle N. Johnson
        MICHELLE N. JOHNSON, D.C. BAR # 491910
        Assistant United States Attorney
        555 4th St., N.W.  Room E4212
        Washington, D.C. 20530
        202-514-7139

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JOHN E. MOORE,                              )
                                            )
              Plaintiff,                    )
                                            )        Civil Action No. 07-0107 (RMC)
                                            )
v.                                          )
                                            )
GEORGE BUSH,                                )
President of the United States, et al.      )
                                            )
                                            )
              Defendants.                   )
_____)

**<u>ORDER</u>**

This matter having come before the Court on Defendants' Opposition to Plaintiff's

"Motion of Request for Censure of Defendants as to Their Adverse Judgment to Motion Request

for Additional Time" and Defendants' Motion to Strike Plaintiff's Surreply, it is hereby

**ORDERED** that Plaintiff's "Motion for Request of Censure of Defendants as to Their

Adverse Judgment to Motion Request for Additional Time" is hereby **DENIED**. And it is

further

**ORDERED** that defendants' Motion to Strike Plaintiff's Surreply is hereby **GRANTED**.

And it is further

**ORDERED** that plaintiff's surreply to defendants' motion to dismiss, document entry

number 41, is hereby **STRICKEN**.

**SO ORDERED** on this ___ day of _____, 2008.


_____
ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE