UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN E. MOORE,              ) | |
|                             ) | |
|     Plaintiff,  ) | |
|                             ) | |
| v.                          ) | Civil Action No. 07-107 (RMC) |
|                             ) | |
| GEORGE W. BUSH,             ) | |
| President of the United States, *et al.,* ) | |
|                             ) | |
|     Defendants. ) | |

MEMORANDUM OPINION

      John E. Moore filed a complaint in which he names as defendants President George W. Bush, Senator Bill Nelson, the National Security Agency ("NSA"), the United States Department of Justice ("USDOJ"), the Volusia County Sheriff Department ("VCSD") (collectively, the "Government Defendants"), the Southern Poverty Law Center ("SPLC"), the American Civil Liberties Union of Florida ("ACLU"), and Dependable Civil Process. *See* Compl. [Dkt. #1]. Mr. Moore alleges that he was "implanted with a micro-chip. . . with the sole purpose being in control of [his] brain data [sic]." *See id*. ¶ 16. He also complains that the SPLC and the ACLU have failed to respond to his mailings regarding this event. VCSD, SPLC, ACLU, President George W. Bush and Senator Bill Nelson have filed motions to dismiss, which Mr. Moore has opposed.[1] *See* Dkt. ## 5, 8, 16, & 29. Finding that it is without jurisdiction to adjudicate Mr. Moore's claims because they are "'so attenuated and unsubstantial as to be absolutely devoid of merit,'" *Hagans v. Lavine*, 415

---

[1] The NSA and the USDOJ, intend to file separate motions seeking summary judgment regarding Mr. Moore's claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

U.S. 528, 536 (1974), the Court will grant the motions to dismiss.[2]

## I. BACKGROUND FACTS

Mr. Moore alleges that he is a retired employee of the United States Government, having worked for the Department of Defense and the Federal Aviation Commission. *See* Compl. ¶ 5. He contends that he is "one of the victims" in a "conspiracy" between the NSA, USDOJ, the Federal Bureau of Investigaton ("FBI"), and the VCSD. *Id*. ¶ 15. He asserts that "[o]n or about November 14, 1996, he was implanted with a micro-chip such as ref: B.W.T.[3] Report pg. 48. With the sole purpose being in control of my brain data ref: cat scan #0673986 dtd. December 30, 1998." *Id.* ¶ 16. Mr. Moore also complains that he sent SPLC a "report on hate and bias incidents in my Community" and never received a response. *Id.* ¶¶ 48. Similarly, he complains that the ACLU failed to reply to two reports on Brain Wave Technology and Pro Se Litigation Guidelines that he sent to its President. *Id.* ¶¶ 49&69. He seeks the remedy of a reply from SPLC and ACLU.

## II. LEGAL STANDARDS

Under Rule 12(b)(1), the plaintiff bears the burden of establishing by a preponderance of the evidence that the Court possesses jurisdiction. *See Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002); *Pitney Bowes, Inc. v. U.S. Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998). Federal courts are courts of limited jurisdiction and the law presumes that a "cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). Because

---

[2] The Court will also *sua sponte* vacate the Clerk's Entry of Default as to Dependable Civil Process. *See* Dkt. #27.

[3] "B.W.T." stands for brain wave technology.

"subject-matter jurisdiction is an 'Art. III as well as statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). It is well established that, in deciding a motion to dismiss for lack of subject-matter jurisdiction, a court is not limited to the allegations set forth in the complaint, "but may also consider material outside of the pleading in its effort to determine whether the court has jurisdiction in the case." *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005); *see Lockamy v. Truesdale*, 182 F. Supp. 2d 26, 30-31 (D.D.C. 2001). Under Rule 12(b)(1), federal courts lack jurisdiction over claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536 (1974). Complaints that are comprised of "fanciful claims" and "bizarre conspiracy theories" are generally subject to dismissal on that basis. *Bestor v. Lieberman*, No. 03-1470, 2005 WL 681460, at *1 (D.D.C. Mar. 11, 2005) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)).

### III. ANALYSIS

The litany of allegations described by Mr. Moore, insofar as his pleadings can be understood, demonstrate that the complaint is "essentially fictitious," comprised of "bizarre conspiracy theories, . . . fantastic government manipulations of [his] will or mind . . . [and other] clearly fanciful claims." *Best v. Kelly*, 39 F.3d 328. 330-31 (D.C. Cir. 1994). The complaint is "patently insubstantial" and must be dismissed for "want of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Neitzke v. Williams*, 490 U.S. 319, 327 n. 6 (1989). As in *Roum v. Bush*, 461 F. Supp. 2d 40 (D.D.C. 2006), Mr. Moore's allegations that a conspiracy among the Government Defendants led to the implantation of a micro-chip in his head and use of brain wave technology to

disrupt his life are "fundamentally incredible." *Id.* at 46 (dismissing complaint where plaintiff claimed that while receiving treatment, doctors implanted his body with a "GPS chip, biochip or roving wiretap(s)" and that the FBI surreptitiously entered his home and put radioactive chemicals on his possessions in an attempt to murder him). When a plaintiff's claims are frivolous and present no evidence to support them, there is no claim over which the court may exercise subject matter jurisdiction. *Bestor v. Lieberman*, No. Civ. A. 03-1470, 2005 WL 681460, at * 2 (D.D.C. Mar. 11, 2005); *see also Carone-Ferdinand v. CIA*, 131 F. Supp. 2d 232, 235 (D.D.C. 2001) ("On its face, the complaint appears to be the very type of 'bizarre conspiracy theory' that the D.C. Circuit has said warrants dismissal under Rule 12(b)(1)."). The Court will therefore grant the Government Defendants' motions to dismiss.

For the same reasons of baselessness and frivolity, the allegations against the ACLU, SPLC and Dependable Civil Process must be dismissed for lack of subject matter jurisdiction. Were this not so, dismissal under Federal Rule of Civil Procedure 12(b)(6) would be warranted.[4] Simply put, neither the SPLC nor the ACLU was under any statutory or other legal duty to return Mr. Moore's phone calls or to respond to his correspondence. In addition, Mr. Moore's complaint as to Dependable Civil Process is incomprehensible and must be dismissed for failure to state a claim. The complaint fails to state a legally cognizable cause of action against any of these Defendants and will be dismissed accordingly.

Given the Court's disposition of this matter, it will not decide the other bases advanced by each Defendant in support of dismissal.

---

[4] A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim.

## IV.  CONCLUSION

There being nothing in Mr. Moore's Complaint against the Government or Private Defendants that the Court can adjudicate, the motions to dismiss will be granted. A memorializing order accompanies this Memorandum Opinion. The Plaintiff's FOIA claims will remain pending against the NSA and USDOJ.

```
            /s/
ROSEMARY M. COLLYER
United States District Judge
```

DATE: February 26, 2008