# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN E. MOORE, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>GEORGE BUSH, )<br>President of the United States, et al. )<br>)<br>        Defendants. )<br>_____) | Civil Action No. 07-0107 (RMC) |

## FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S "MOTION FILING OF DISCOVERY NOT PREVIOUSLY ENTERED LCvR 52(b)"

Defendants, the United States National Security Agency ("NSA") and the United States Department of Justice, (collectively referred to herein as "the federal Defendants"), by and through the undersigned counsel, hereby submit their opposition to plaintiff's motion entitled "Plaintiff [sic] Motion Filing of [sic] Discovery Not Previously Entered LCvR 52(b)," ("Pl.'s Mot.").[1]

In plaintiff's latest motion, plaintiff discusses facts pertaining to his request made pursuant to the Freedom of Information Act, 5 U.S.C. § 552, as well as communications he had with agents of the Federal Bureau of Investigation ("FBI") and NSA. Plaintiff states that he is seeking "judicial review in accordance with 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552(a)(4)(F) and indicates that he will be "filing a motion seeking summary judgment as to the remaining defendants, National Security Agency and U.S. Department of Justice."

---

[1] It appears plaintiff intends to refer to this Court's local civil rule 5.2(b), which pertains to the filing of discovery materials with motions and at trial. There does not appear to be any local civil rule 52(b).

Plaintiff's motion fails to set forth any cognizable form of relief that he is seeking from the Court at this time. While he asserts his belief that "both F.B.I. and N.S.A. agents should be investigated for their complacency in this cover up[,]" Pl.s' Mot. at 4, he fails to indicate by what authority this Court can order such an investigation. In short, plaintiff has wholly failed to set forth any basis upon which the Court can grant him any of the relief he is seeking.

To the extent that plaintiff's pleading can be construed as an opposition to defendants' motion for summary judgment, which was filed on May 16, 2008, he fails to substantively address any of the arguments made by defendants in that motion. As defendants previously notified plaintiff, defendants' declarations will be accepted as true unless plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in defendants' attachments. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992); see also Local Rule 7(h)[2] and Fed. R. Civ. P. 56(e). Fed. R. Civ. P. 56(e) provides that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if

---

[2]Requiring that oppositions to motions for summary judgment "shall" be accompanied by a "separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." LCvR 7(h).

appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Thus, assuming plaintiff's pleading can be construed as an opposition to defendants' motion, he has wholly failed to sustain his burden in opposing that motion and defendants' motion for summary judgment should be granted.

Respectfully submitted,

  s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

  s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR THE FEDERAL DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this **5th** day of June, 2008, a copy of the foregoing Federal Defendants' opposition to plaintiff's "Motion Filing of Discovery Not Previously Entered LCvR 52(b)" was delivered via first-class mail, postage pre-paid to:

> John E. Moore
> 9 Pleasant View Circle
> Daytona Beach, FL 32118

    /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
555 4th St., N.W.  Room E4212
Washington, D.C. 20530
202-514-7139

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN E. MOORE,<br><br>      Plaintiff,<br><br>v.<br><br>GEORGE BUSH,<br>President of the United States, et al.<br><br>      Defendants. | )<br>)<br>)<br>)   Civil Action No. 07-0107 (RMC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER**

This matter having come before the Court on Plaintiff's "Motion Filing of Discovery Not Previously Entered LCvR 52(b)" the federal defendants' opposition to plaintiff's motion and plaintiff's reply, if any, it is hereby

**ORDERED** that Plaintiff's "Motion Filing of Discovery Not Previously Entered LCvR 52(b)" is hereby **DENIED.**

**SO ORDERED** on this ____ day of _____, 2008.


_____
ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE