IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN E. MOORE,<br><br>        Plaintiff,<br><br>v.<br><br>GEORGE BUSH,<br>President of the United States, et al.<br><br>        Defendants. | )<br>)<br>)<br>)  Civil Action No. 07-0107 (RMC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THE REMAINING FEDERAL DEFENDANTS' REPLY IN FURTHER
SUPPORT OF THEIR MOTION FOR DISMISSAL, OR ALTERNATIVELY,
FOR SUMMARY JUDGMENT**

Defendants, the National Security Agency ("NSA") and the Federal Bureau of Investigations ("FBI"), hereby submit their reply in further support of their motion for dismissal, or alternatively, for summary judgment.

Plaintiff's "Memorandum of Law in Support of Motion to Dismiss Defendants['] Motion, or Alternatively to Dismiss Motion for Summary Judgment," which Defendants construe to be Plaintiff's opposition to Defendants' motion ("Pl.'s Opp'n"), fails to create any genuine issue of dispute as it concerns the facts material to this action. As Defendants comprehensively argued in their motion, dismissal is warranted based on Plaintiff's failure to effect proper service. Alternatively, summary judgment is warranted in Defendants' favor because they have fully discharged their obligations to Plaintiff under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**ARGUMENT**

I.      **Plaintiff Has Failed to Establish That He Properly Served the United States**.

As Defendants previously argued in their motion, dismissal is required pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.  In response to Defendants' argument, Plaintiff contends that he has failed to receive "any documentation proposing any effort to locate or investigate the afore mentioned [sic] legal documents signed for and delivered . . . ." Pl.'s Opp'n at 3.  Plaintiff then oddly contends that "[d]ismissal is required pursuant as to Defendant [sic] Federal Rules of Civil Procedure 12(b)(5) insufficiency of service of process . . . ." Id.  Plaintiff further contends that, pursuant to Federal Rule of Civil Procedure 8(b), Defendants' answer must "admit or deny every element of the plaintiff's claim[,]" and that Federal Rule of Civil Procedure 8(c) "also requires that the Defendant's answer state any affirmative defenses." Id. at 4.  Plaintiff's arguments miss the mark.

"Failure of service is a jurisdictional defect which is fatal." Koerner v. United States, 246 F.R.D. 45, 47 (D.D.C. 2007) (Collyer, J.).  Once a defendant raises a challenge regarding the sufficiency of service, "the plaintiff bears the burden of proving the same." Id. at 47-48 (citation omitted).  Thus, it is Plaintiff who is required to submit documentary evidence establishing that proper service was made; Defendants do not have the burden of providing documentation to Plaintiff regarding efforts made to investigate their failure to receive service.  In addition,  here Defendants have filed a motion pursuant to Federal Rules of Civil Procedure 12(b)(5) and 56, as provided by the federal rules, in lieu of an answer, and thus Plaintiff's reference to Rule 8 is not pertinent. See, e.g., Clemmons v. United States Army Crime Records Ctr., No. Civ.A. 05-2353, 2007 WL 1020827, at *7 (D.D.C. Mar. 30, 2007) (holding that defendant was not in default for

filing a timely motion to dismiss in lieu of an answer). Furthermore, "[w]hen the United States has not been served properly, the Court has no personal jurisdiction and no power to compel an Answer or other response." Koerner, 246 F.R.D. at 47 (citations omitted). Accordingly, this Court should dismiss the complaint for insufficiency of service. Id. ("[C]ourts routinely dismiss actions when service is improper.") (citations omitted).

## II.     Defendants Are Entitled to Summary Judgment.

Even if the Court determines that dismissal is not warranted, Defendants are entitled to summary judgment. Plaintiff has failed to properly oppose Defendants' motion for summary judgment, and has failed to create any genuine issue as to any material facts.

### A.     The Court Should Deem the Defendants' Statement of Material Facts as Admitted.

As required by Local Civil Rules 7((h) and 56.1, Defendants submitted a comprehensive statement of material facts as to which there is no genuine issue. In response, Plaintiff has submitted a "Statement of Facts as to Which There are Genuine Issues Pertaining to the Remaining Defendants." ("Pl.'s Stmt."). Plaintiff's statement of facts does not identify any of the facts set forth by Defendants as to which he contends there is a dispute; rather Plaintiff has set forth miscellaneous facts, ranging from the filing of an action by plaintiff John St. Clair Akwei v. NSA, various news articles, and facts he believes support the existence of brainwave technology, not to mention an alleged home invasion "perpetrated" by the government defendants and evidence of a traffic violation that plaintiff believes was "set up" by law enforcement. See, e.g., Pl.'s Stmt. ¶¶ 2, 5, 7, 17, 31, 32.

Local Civil Rules 56.1 and 7(h) require that an opposition to a motion for summary

judgment

> shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. . . . In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues file[d] in opposition to the motion.

LCvR 56.1; see also LCvR 7(h) (same).

Here, Plaintiff has not identified the specific facts contained in Defendants' statement of material facts that he is disputing. His failure to identify those specific facts contained in Defendants' statement of facts that he disputes (or contends are not material) should result in the Court deeming Defendants' statement of facts as admitted. See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 154 (D.C. Cir. 1996) ("[T]he . . . district court is under no obligation to sift through the record . . . in order to evaluate the merits of [a] party's case. Instead, pursuant to the remedy afforded by [the local rule], the district court is to deem as admitted the moving party's facts that are uncontroverted by the nonmoving party's [statement of facts].") (footnote omitted); Frazza v. United States, 529 F. Supp. 2d 61, 63 (D.D.C. 2008) (holding that defendants' statement of material facts not in dispute would be deemed admitted where plaintiff's opposition "did not even attempt to controvert Defendant's specific factual assertions."). See also Roosevelt Land, LP v. Childress, No. Civ.A. 05-1292, 2006 WL 1877014, at *2 (D.D.C. July 5, 2006) ("[D]espite some lenience accorded to pro se litigants, they nonetheless are required to comply with the Federal Rules of Civil Procedure and the court's Local Civil Rules, both of which are available on line.") (citations omitted).

Furthermore, Plaintiff's statement of facts fails to identify facts that are material to the Court's resolution of the FOIA issues present here.[1] For these reasons, the Court should deem Defendants' statement of material facts not in genuine dispute as admitted.

**B.      Defendant NSA is Entitled to Summary Judgment.**

Defendant NSA previously contended, in support of its request for summary judgment, that it conducted a proper search responsive to item 1 of Plaintiff's FOIA request;[2] that the agency properly invoked FOIA Exemptions 1 and 3, and that the agency determined that items 2-4 of Plaintiff's request did not fall within the agency's purview.[3] Defendants' Memorandum of Law in Support of Their Motion for Dismissal or Alternatively for Summary Judgment ("Defs.' Mem.") at 5-11.

In response, Plaintiff has failed to specifically contest any of NSA's assertions. Rather, he has devoted his filing to attempting to establish the existence of brainwave technology. For example, he contends that he worked at the Boston Navel Shipyard and Portsmouth Naval Shipyard, in Portsmouth, NH, and a short time after he returned, he was "plugged in" to the system. Pl.'s Opp'n at 7. He also requests an investigation of NSA and FBI and an "alleged

---

[1] For this reason, Plaintiff's assertions contained in his "Declaration of Plaintiff v. FBI" are not material, as he merely attaches documents without explaining their relevance. Similarly, Plaintiff's declaration regarding NSA attaches documents that are irrelevant and immaterial to the current proceeding.

[2] Item 1 of Plaintiff's FOIA request sought any and all information relating to himself. Defendants' Motion for Dismissal or Alternatively, Summary Judgment ("Defs.' Mot."), Siers Decl. ¶ 13.

[3] Items 2-4 of Plaintiff's FOIA request sought a short and plain statement regarding the existence of brainwave technology, whether the system instruction was disseminated at Falls Church, VA, and whether the detector chip was implanted in the temporal bone area. Defs.' Mot., Siers Decl. ¶ 24.

felon" who should be punished for certain crimes.  Id. at 8.  However, at no time does he contest the validity of NSA's claimed exemptions or the assertions contained in the Siers declaration. For these reasons, the Court should deem that Plaintiff has conceded NSA's arguments and grant NSA summary judgment.  See, e.g., Ace Property & Cas. Co. v. Federal Crop Ins. Corp., 517 F. Supp. 2d 391, 402 (D.D.C. 2007) (holding that plaintiffs' failure to address defendant's arguments would result in the court deeming the arguments as conceded) (citing Fox v. American Airlines, No. Civ.A. 02-2069, 2003 WL 21854800, at *2 (D.D.C. Aug. 5, 2003)); Glenn v. Williams, No. Civ.A. 98-1278, 2006 WL 401816, at *12 (D.D.C. Feb. 21, 2006) (holding that in light of plaintiff's failure to address defendant's argument in her opposition or any other pleading, the "Court will construe [plaintiff's] failure to respond as a concession that Defendant's argument on this issue has merit and will grant Defendant's motion for summary judgment . . . ." on this point); Cheek v. Chertoff, No. Civ.A. 04-251, 2006 WL 695829, at *6 & n.17 (D.D.C. Mar. 17, 2006) (Collyer, J.) (holding that Court would deem argument conceded based on plaintiff's failure to address the argument in her opposition) (citing Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp.2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997)).

    **C.    Defendant FBI is Entitled to Summary Judgment.**

For the same reasons as those set forth above, the FBI is entitled to summary judgment concerning plaintiff's FOIA claim.  Plaintiff has not contested the FBI's arguments that a proper search for records was performed; that the agency properly withheld information pursuant to

FOIA exemptions 6 and 7(C) and that all reasonably segregable information has been released. Defs.' Mem. at 12-18. Plaintiff does not directly address any of the FBI's arguments. Instead, Plaintiff claims that there have been hate crimes committed by both the FBI and NSA and requests investigations into his assertions. Pl.'s Opp'n at 13. He does not contest any of the assertions contained in the Hardy Declaration or any of the agency's legal arguments regarding the processing of his FOIA request.[4] Notably, Plaintiff never contests the FBI's argument that he failed to exhaust his administrative remedies concerning his request submitted to the Jacksonville Field Office and FBI headquarters. Defs.' Mem. at 11; Hardy Decl. ¶¶ 16, 19. For these reasons, he should be deemed to have conceded the FBI's legal arguments and summary judgment in favor of the FBI is warranted. See Ace Property & Cas. Co., 517 F. Supp. 2d at 402; Glenn, 2006 WL 401816, at *12; Cheek, 2006 WL 695829, at *6 & n.17 (citation omitted).

## CONCLUSION

For the reasons set forth above, and in Defendants' initial motion for dismissal, or alternatively, summary judgment, Defendants respectfully request that the Court dismiss the complaint, or alternatively, grant them summary judgment concerning Plaintiff's claims.

---

[4] Plaintiff does contend that there were not proper excisions regarding his personal information, specifically his date of birth and social security number. Pl.'s Opp'n at 12. Plaintiff contends that he provided the excisions on his own. Id. It is unclear whether Plaintiff is referring to the exhibits attached to Defendants' present motion for summary judgment, as he appears to refer to a case filed in another court. Id. However, undersigned counsel's review of the exhibits attached to Defendants' motion reveals that it appears that all references to Plaintiff's date of birth and social security number have been excised from the documents that have been filed with the Court.

Respectfully submitted,

   s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR THE FEDERAL DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of September, 2008, the foregoing Remaining Defendants' Reply in Further Support of Their Motion for Dismissal or Alternatively for Summary Judgment was mailed, via first-class mail, postage pre-paid to:

>John E. Moore
>9 Pleasant View Circle
>Daytona Beach, FL 32118

>/s/ Michelle N. Johnson
>MICHELLE N. JOHNSON, D.C. BAR # 491910
>Assistant United States Attorney
>555 4th St., N.W.  Room E4212
>Washington, D.C. 20530
>202-514-7139